UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TAMI LEITING-HALL, individually and on behalf of all others similarly situated, | ) ) ) ) ) | Case No.: 4:14-cv-03155 |
| Plaintiff, | ) ) | |
| v. | ) ) | **MOTION FOR CLASS CERTIFICATION** |
| KERRY WINTERER, as Chief Executive Officer of the Nebraska Department of Health and Human Services, and THOMAS PRISTOW, as Director of the Division of Children and Family Services, | ) ) ) ) ) | **(Class Action)** |
| Defendants. | ) ) | |

---

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

---

NEBRASKA APPLESEED CENTER
FOR LAW IN THE
PUBLIC INTEREST
Molly M. McCleery
James A. Goddard
941 O Street, Suite 920
Lincoln, Nebraska 68508
Telephone: (402) 438-8853
Fax: (402) 438-0263
E-mail: mmccleery@neappleseed.org
        jgoddard@neappleseed.org

NATIONAL CENTER FOR LAW
AND ECONOMIC JUSTICE
Marc Cohan
Mary R. Mannix
Jenny R. A. Pelaez
275 Seventh Avenue
New York, New York 10001
Telephone: (212) 633-6967
Fax: (212) 633-6371
E-mail: cohan@nclej.org

mannix@nclej.org
pelaez@nclej.org

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................1

ARGUMENT .............................................................................................................2

    I.   The Proposed Class Satisfies the Requirements of Rule 23(a) ....................................4

        A.  The Class Is So Numerous that Joinder of All
            Members Is Impracticable.................................................................5

        B.  There are Questions of Law and Fact
            Common to the Plaintiff Class ..........................................................8

        C.  The Named Plaintiff's Claims Are Typical
            of the Claims of the Plaintiff Class. ...............................................12

        D.  The Named Plaintiff Will Fairly and
            Adequately Protect the Class ..........................................................13

    II.  This Case Satisfies the Requirements of Rule 23(b)..................................................14

    CONCLUSION.......................................................................................................16

# TABLE OF AUTHORITIES

## CASES

*A.J. v. Myers,* ........................................................................................................................ 7
    No. 89-1077-CV-W-1, 1990 U.S. Dist. LEXIS 5454 (W.D. Mo. Apr. 30, 1990).

*Ahrens v. Thomas,* ................................................................................................................ 2
    570 F.2d 286 (8th Cir. 1978).

*Alpern v. UtiliCorp United, Inc.,* ...................................................................................... 12
    84 F.3d 1525 (8th Cir. 1996).

*Anderson v. Graham,* ............................................................................................................ 3
    492 F.2d 986 (8th Cir. 1973).

*Ark. Educ. Ass'n v. Bd. of Educ. of Portland, Ark. Sch. Dist.,* ...................................... 5
    446 F.2d 763 (8th Cir. 1971).

*Arnold v. Cargill Inc.,* .......................................................................................................... 9
    No. 01-2086, 2006 U.S. Dist. LEXIS 41555 (D. Minn. June 20, 2006).

*Atkins v. Toan,* ................................................................................................................ 3, 7
    595 F. Supp. 104 (W.D. Mo. 1984).

*Blades v. Monsanto Co.,* ...................................................................................................... 2
    400 F.3d 562 (8th Cir. 2005).

*Booth v. McManaman,* .......................................................................................................... 4
    830 F. Supp. 2d 1037 (D. Haw. 2011).

*Bowlin v. Montanez,* .................................................................................................. 3, 7, 15
    No. 4:04 CV 3218, 2005 U.S. Dist. LEXIS 4258 (D. Neb. Mar. 1, 2005).

*Bradford v. AGCO Corp.,* .................................................................................................... 5
    187 F.R.D. 600 (W.D. Mo. 1999).

*Briggs v. Bremby,* ...................................................................................... 4, 11, 12, 15
    No. 3:12cv324 (VLB), 2013 U.S. Dist. LEXIS 67571 (D. Conn. May 13, 2013).

*Brooklyn Ctr. for Independence of the Disabled v. Bloomberg,* ............................. 9, 10
    287 F.R.D. 240, 248 (S.D.N.Y. 2012).

*Califano v. Yamasaki,* ........................................................................................................ 10
    442 U.S. 682 (1979).

*Chambly v. Freeman,* ................................................................................................... 4
    478 F. Supp. 1221 (W.D. Mo. 1979).

*Coley v. Clinton,* ......................................................................................................... 2
    635 F.2d 1364 (8th Cir. 1980).

*Crawford v. Janklow,* ................................................................................................. 3
    557 F. Supp. 1146 (D.S.D. 1983).

*Darling v. Bowen,* ....................................................................................................... 6
    685 F. Supp. 1125 (W.D. Mo. 1988).

*DeBoer v. Mellon Mortg. Co.,* ................................................................. 6, 10, 12, 15
    64 F.3d 1171 (8th Cir. 1995).

*Disability Rights Council of Greater Washington v.*
*Washington Metro. Area Transit Auth.,* ..................................................................... 11
    239 F.R.D. 9 (D.D.C. 2007) .

*Donaldson v. Pillsbury Co.,* .............................................................................. 10, 12
    554 F.2d 925 (8th Cir. 1977).

*Fair Hous. of the Dakotas v. Goldmark Prop. Mgmt,* .............................................. 9
    No. 3:09-cv-58, 2011 U.S. Dist. LEXIS 106934 (D. N.D. Sept. 20, 2011).

*Gen. Tel. Co. of the Southwest v. Falcon,* ............................................................... 10
    457 U.S. 147 (1982).

*Gunnells v. Healthplan Servs., Inc.,* ......................................................................... 2
    348 F.3d 417 (4th Cir. 2003).

*Halbach v. Great-W. Life & Annuity Ins. Co.,* ........................................................ 15
    No. 05-2399, 2007 U.S. Dist. LEXIS 2425 (E.D. Mo. Apr. 2, 2007).

*Harris v. D. Scott Carruthers & Assoc.,* ................................................................... 5
    270 F.R.D. 446 (D. Neb. 2010).

*In re Hartford Sales Practices Litig.,* ....................................................................... 9
    192 F.R.D. 592 (D. Minn. 1999).

*In re Zurn Pex Plumbing Prods. Liab. Litig., ,* ......................................................... 2
    644 F.3d 604 (8th Cir. 2011).

*Jackson v. Rapps,*.........................................................................................................5
    132 F.R.D. 226 (W.D. Mo. 1990).

*Julia M. v. Scott*, .................................................................................................... 3
    243 F. R. D. 365 (W.D. Mo. 2007).

*Karsjens v. Jesson*, ................................................................................................. 2
    283 F.R.D. 514 (D. Minn. 2012).

*Lane v. Lombardi*, ......................................................................................... 8, 9, 10
    No. 2:12-cv-4219-NKL, 2012 U.S. Dist. LEXIS 160241 (W.D. Mo. Nov. 8, 2012).

*Like v. Carter*, ........................................................................................... 3, 10, 11
    448 F.2d 798 (8th Cir. 1971).

*Linquist v. Bowen*, ...................................................................................... 5, 15
    633 F. Supp. 846 (W.D. Mo. 1986), *affirmed in* 813 F.2d 884 (8th Cir. 1987).

*Mosley v. Gen. Motors Corp.*, .................................................................................... 8
    497 F.2d 1330 (8th Cir. 1974).

*Paxton v. Union Nat'l Bank*, ........................................................................... *passim*
    688 F.2d 552, 559 (8th Cir. 1982).

*Powers v. Credit Mgmt. Servs.*, ........................................................................ 8, 9, 12
    No. 8:11CV436, 2013 U.S. Dist. LEXIS 97555 (D. Neb. July 12, 2013).

*Ranschburg v. Toan*, ...................................................................................... 3, 5, 7
    540 F. Supp. 745 (D. Mo. 1982).

*Rikard v. U.S. Auto Prot., LLC*, .................................................................... 10, 13
    287 F.R.D. 490 (E.D. Mo. 2012).

*Robidoux v. Celani*, ..................................................................................... 4, 5, 12
    987 F.2d 931 (2d Cir. 1993).

*Sonmore v. CheckRite Recovery Servs.*, Inc., .................................................................. 5
    206 F.R.D. 257 (D. Minn. 2001).

*Thompson v. Freeman*, ......................................................................................... 2
    648 F.2d 1144 (8th Cir. 1981).

*Tinsley v. Kemp*, ............................................................................................ 6, 7
    750 F. Supp. 1001 (W.D. Mo. 1990).

*Turchin v. Butz*, ............................................................................................... 4
    405 F. Supp. 1263 (D. Minn. 1976).

*iv*

*Turner v. Walsh,* .......................................................................................................... 4
    435 F. Supp. 707 (D. Mo. 1977).

*Van Orden v. Meyers*, ................................................................................................ 2
    No. 4:09CV00971 AGF, 2011 U.S. Dist. LEXIS 113478 (E.D. Mo. Sep. 30, 2011).

*Wal-Mart Stores, Inc. v. Dukes*, ............................................................................. 8
    131 S. Ct. 2541 (2011).

*Weaver v. Reagen,* .................................................................................................... 7
    701 F. Supp. 717 (W.D. Mo. 1988).

*Wilhoite v. Missouri Dep't of Social Servs.*, ....................................................... 2, 3
    No. 2:10-CV-03026 (NKL), 2011 U.S. Dist. LEXIS 121872 (W.D. Mo. Oct. 21, 2011).

*Williams v. Schweiker*, ............................................................................................. 3
    541 F. Supp. 1360 (D. Mo. 1982).

## FEDERAL RULES

Fed. R. Civ. P. 23(a)  ........................................................................... *passim*

Fed. R. Civ. P. 23(b)  ........................................................................... *passim*

<u>PRELIMINARY STATEMENT</u>

Plaintiff Tami Leiting-Hall brings this action on behalf of herself, her family, and a proposed class of indigent Nebraska residents to challenge Defendants' failures to comply with their obligation to provide desperately needed Supplemental Nutrition Assistance Program ("SNAP") benefits (commonly known as "food stamps")[1] to eligible households, causing needless suffering by thousands of families and individuals across Nebraska who rely on this critical program to feed themselves and their families.

Specifically, Defendant Kerry Winterer, as the Chief Executive Officer of the Nebraska Department of Health and Human Services ("DHHS") and Thomas Pristow, as Director of the Division of Children and Family Services, have systematically failed or refused to timely process initial and renewal applications and to provide SNAP benefits to eligible households on a timely basis, as mandated by Federal SNAP statutes and implementing regulations.[2]  As a result, Defendants systematically and unlawfully denies or delays critical nutrition assistance to hundreds of eligible households each month.

Plaintiff submits this memorandum in support of their motion pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure for certification of a class consisting of the following members:

> All Nebraska residents who, since January 1, 2012, have applied, are applying, or will apply for Supplemental Nutrition Assistance Program (SNAP) benefits from the Nebraska Department of Health and Human Services through an initial and/or recertification application.

---

[1] Effective October 1, 2008, the federal Food Stamp Program was renamed the Supplemental Nutrition Assistance Program and the federal Food Stamp Act was renamed the Food and Nutrition Act of 2008.  Sections 4001 and 4002 of P.L. 110-246.
[2] The term "renewal," or recertification, refers to the application process for demonstrating eligibility for continued participation in the SNAP program.

ARGUMENT

District courts are afforded broad discretion in determining whether to certify a class. *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 616 (8th Cir. 2011). In conducting its inquiry, a court must determine whether, if plaintiff's general allegations are taken to be true, common evidence could suffice to make out a *prima facie* case for the class. *Blades v. Monsanto Co.*, 400 F.3d 562, 567 (8th Cir. 2005). While plaintiff bears the burden of showing that the requirements of Rule 23 are met, courts are to give a liberal construction to Rule 23(a). *Wilhoite v. Missouri Dep't of Social Servs.*, No. 2:10-CV-03026 (NKL), 2011 U.S. Dist. LEXIS 121872, at *7 (W.D. Mo. Oct. 21, 2011) (citing *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 424 (4th Cir. 2003)). Thus, when a question arises as to whether certification is appropriate, a court should give the benefit of the doubt to approving the class. *Karsjens v. Jesson*, 283 F.R.D. 514, 517 (D. Minn. 2012). Additionally, "because one purpose of Rule 23(b)(2) was to enable plaintiffs to bring lawsuits vindicating civil rights, the rule 'must be read liberally in the context of civil rights suits.'" *Coley v. Clinton*, 635 F.2d 1364, 1378-1379 (8th Cir. 1980) (quoting *Ahrens v. Thomas*, 570 F.2d 286, 288 (8th Cir. 1978)); *accord Van Orden v. Meyers*, No. 4:09CV00971 AGF, 2011 U.S. Dist. LEXIS 113478, at *16-17 (E.D. Mo. Sep. 30, 2011) ("[t]he Eighth Circuit has expressed a preference for a liberal reading of Rule 23(b)(2) in the context of civil rights suits").

Plaintiff's motion should be granted because class certification is essential to the fair and efficient adjudication of this case. Courts in this Circuit and throughout the country routinely certify classes of public benefits applicants in similar cases seeking to challenge a policy, custom, or practice in the administration of SNAP and other benefit programs. *See,*

*e.g.*, *Thompson v. Freeman*, 648 F.2d 1144, 1145 (8th Cir. 1981) (noting that district court permitted public assistance applicants to proceed as a class in an action seeking to compel the state to timely process their applications); *Like v. Carter*, 448 F.2d 798, 802 (8th Cir. 1971) (district court abused discretion in refusing to certify class of public assistance applicants in an action alleging that state failed to timely process applications for benefits); *Anderson v. Graham*, 492 F.2d 986, 988 (8th Cir. 1973) (noting that district court permitted Nebraska public assistance recipients to proceed as a class in seeking to enjoin a state policy affecting their benefits); *Bowlin v. Montanez*, No. 4:04 CV 3218, 2005 U.S. Dist. LEXIS 4258, at *9-10 (D. Neb. Mar. 1, 2005) (class certification best serves judicial economy in an action challenging denial of transitional medical assistance to needy Nebraska caretaker relatives); *Wilhoite*, 2011 U.S. Dist. LEXIS 121872 (certifying class of Missouri Medicaid recipients who had Medicaid liens improperly asserted against settlements they received); *Julia M. v. Scott*, 243 F. R. D. 365, 366-69 (W.D. Mo. 2007) (granting certification of class of medical assistance recipients); *Atkins v. Toan*, 595 F. Supp. 104 (W.D. Mo. 1984) (certifying class of public assistance recipients in action challenging rules regarding lump sum income); *Crawford v. Janklow*, 557 F. Supp. 1146 (D.S.D. 1983) (certifying class of individuals excluded from participation in state low income housing program); *Ward v. Schweiker*, 562 F. Supp. 1173, 1180 (W.D. Mo. 1983) (noting certification of class of Supplemental Security Income (SSI) applicants in Nebraska, Missouri, Kansas, and Iowa who claimed that the Social Security Agency failed to promptly process their claims); *Williams v. Schweiker*, 541 F. Supp. 1360, 1362 (D. Mo. 1982) (certifying class of Nebraska, Missouri, Kansas, and Iowa SSI applicants who have not or will not receive a timely decision in administrative hearings); *Ranschburg v. Toan*, 540 F. Supp. 745, 747-48 (D. Mo. 1982)  (granting

certification of class of applicants who were denied benefits from a public assistance program); *Chambly v. Freeman*, 478 F. Supp. 1221, 1222 (W.D. Mo. 1979) (certifying class of public assistance recipients in an action challenging the state's practices for determining the need for and amount of benefits); *Turner v. Walsh,* 435 F. Supp. 707, 712-13 (D. Mo. 1977) (certifying class of welfare recipients who have had or will have their public assistance and/or Medicaid benefits discontinued, suspended, terminated or reduced); *Turchin v. Butz*, 405 F. Supp. 1263 (D. Minn. 1976) (certifying class of Minnesota residents in an action challenging a rule affecting the calculation of food stamp allotments); *see also Robidoux v. Celani*, 987 F.2d 931, 933, 937 (2d Cir. 1993) (concluding that district court should have certified a class of persons in Vermont who suffered delays with respect to their applications for food stamps and a public assistance program); *Briggs v. Bremby*, No. 3:12cv324 (VLB), 2013 U.S. Dist. LEXIS 67571, at *1 (D. Conn. May 13, 2013) (certifying class of "all persons in Connecticut who have applied, who are currently applying or will apply in the future and whose application was not timely processed for food stamps"); *Booth v. McManaman*, 830 F. Supp. 2d 1037, 1039 (D. Haw. 2011) (noting court had previously issued stipulated order certifying class of Hawaiian residents who applied or will apply for food stamps and did not receive benefits in a timely manner).

I.   The Proposed Class Satisfies the Requirements of Rule 23(a)

Rule 23(a) establishes the four prerequisites for the certification of any class action: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will

4

fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  Each is satisfied here.

A.   The Class Is So Numerous that Joinder of All Members Is Impracticable

Rule 23(a)(1) requires the class to be so numerous that joinder of all parties is impracticable.  "Impracticability does not mean impossibility, but only that the joinder of all members of the class would be difficult or inconvenient."  *Jackson v. Rapps*, 132 F.R.D. 226, 230 (W.D. Mo. 1990).

The Eighth Circuit has not established any rigid rules regarding the necessary size of the class.  *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982); *Sonmore v. CheckRite Recovery Servs.*, Inc. 206 F.R.D. 257, 261 (D. Minn. 2001).  Courts have determined that "as few as forty class members is sufficient to show joinder is impracticable."  *Harris v. D. Scott Carruthers & Assoc.*, 270 F.R.D. 446, 450 9 (D. Neb. 2010); *see also Ark. Educ. Ass'n v. Bd. of Educ. of Portland, Ark. Sch. Dist.*, 446 F.2d 763, 765-66 (8th Cir. 1971) (approving class of twenty members); *Bradford v. AGCO Corp.*, 187 F.R.D. 600, 604 (W.D. Mo. 1999) (certifying a class of between 20 and 65).  Plaintiff need not specify an exact number of class members, so long as some evidence or reasonable estimate of the number of purported class members is provided.  *Linquist v. Bowen*, 633 F. Supp. 846, 858 (W.D. Mo. 1986), *affirmed in* 813 F.2d 884 (8th Cir. 1987).

In this case, the plaintiff class can be expected to number in the thousands. Thousands of Nebraska residents across the state apply for SNAP benefits every month and thousands are subject to having their eligibility recertified each month.  *See* Declaration of Molly M. McCleery, dated August 1, 2014 ("McCleery Decl."), at ¶¶ 7, 9.  Thus, joinder of all the needy persons affected by Defendants' systemic violations of mandated guidelines is

5

impracticable. *See Ranschburg*, 540 F. Supp. at 747 (certifying class of 56 individuals who were denied certain public assistance benefits); *Robidoux*, 987 F.2d at 935-36 (noting evidence of delays in 22 to 133 food stamp or public assistance cases per month, the Second Circuit found that plaintiffs had met the numerosity requirement).

"In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members." *Paxton*, 688 F.2d at 559-60. The class consists of individuals who seek SNAP benefits because their financial resources are insufficient to meet their subsistence and nutrition needs—individuals who, almost by definition, lack the financial means to hire an attorney and pursue individual legal actions. *See Tinsley v. Kemp*, 750 F. Supp. 1001, 1005 (W.D. Mo. 1990) ("Individual litigation is even less likely when one considers that the putative class members are, by definition, low-income persons who could not afford to prosecute their own actions."); *Darling v. Bowen*, 685 F. Supp. 1125, 1127 (W.D. Mo. 1988) (numerosity satisfied for class of widows and widowers with disabilities in several states, "considering the fact that [class members] are geographically scattered, physically disabled, elderly and impoverished and doubtless in many instances lacking skills in literacy and understanding of the complex legal issues presented, and considering further that speedy determination of their rights is much to be desired"). Given the impoverished conditions under which the named plaintiff and the proposed class members live, it is impracticable for each of them to obtain their own legal representation. *See* Declaration of Tami Leiting-Hall, dated July 31, 2014 ("Leiting-Hall Decl.") at ¶¶ 2, 19.

Requiring members of the proposed class to proceed on an individual basis also would unduly burden the judiciary and create a risk of inconsistent adjudications. *See DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995) (one purpose supporting class actions is to eliminate "the possibility of repetitious litigation and providing small claimants with a means of obtaining redress for claims too small to justify individual litigation"); *see Paxton*, 688 F.2d at 561 ("not practicable" to join all potential class members, "particularly because none of them, individually, could obtain the broad-based declaratory and injunctive relief that the class members sought"); *Bowlin*, 2005 U.S. Dist. LEXIS 4258, at *9-10 (certifying class of needy caretaker relatives in Nebraska serves judicial economy by eliminating possibility of repetitious litigation and providing small claimants means of obtaining redress). Here, class certification would maximize available legal resources and appropriately provide for uniform redress of Plaintiffs' common grievances against Defendants.

Furthermore, the fluid nature of the class in this case supports a finding of impracticability of joinder. *See A.J. v. Myers,* No. 89-1077-CV-W-1, 1990 U.S. Dist. LEXIS 5454, at *9 (W.D. Mo. Apr. 30, 1990) (noting that fluid nature of class makes group of plaintiffs particularly suitable for class certification); *Tinsley*, 750 F. Supp. at 1005 (same). The number of applicants for SNAP benefits shifts on a daily basis, with Defendants failing to process any number of their applications in a timely manner. *See Ranschburg*, 540 F. Supp. at 747 (joinder impracticable partly because class membership is fluid in that membership is subject to satisfying certain financial and disability criteria). Here, the named plaintiff also seeks to represent unknowable future SNAP recipients. *See, e.g., Weaver v. Reagen,* 701 F. Supp. 717, 721 (W.D. Mo. 1988) (numerosity satisfied in a Medicaid case

7

because class included unknowable future members); *Atkins v. Toan*, 595 F. Supp. 104, 105

(W.D. Mo. 1984) (joinder impracticable because plaintiff sought to represent unknown

persons who will be denied benefits in the future); *Ranschburg*, 540 F. Supp. at 747 (joinder

impracticable because plaintiff seeks to represent fluid class including individuals who will

be denied benefits in the future).  Thus, the ebb and flow of individuals affected by

Defendants' failure to timely process applications supports a finding of impracticability of

joinder.  *See* 1 Newberg on Class Actions § 3:17 at 265 (4th ed. 2002).

In sum, joinder is impracticable and class certification is necessary to maximize the

available legal resources and appropriately provide for uniform redress of the class members'

common grievances against Defendants.

B.      There are Questions of Law and Fact Common to the Plaintiff Class

Rule 23(a)(2) of the Federal Rules of Civil Procedure requires that there be questions

of law and fact common to the class.  Fed. R. Civ. P. 23(a)(2).  The rule requires that

members of a proposed class have claims that "depend upon a common contention" "capable

of classwide resolution."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

That is, "determination of [the contention's] truth or falsity will resolve an issue that is

central to the validity of each one of the claims in one stroke."  *Id.*  Commonality does not

require that every question be common to every member of the class, and may be satisfied by

the existence of even a single common question of law or fact.  *Wal–Mart Stores,* 131 S.Ct.

at 2556; *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1334 (8th Cir. 1974).

The Eighth Circuit has instructed that commonality is satisfied where the question

"linking the class members is substantially related to the resolution of the litigation."  *Paxton,*

688 F.2d at 561; *accord Powers v. Credit Mgmt. Servs.*, No. 8:11CV436, 2013 U.S. Dist.

LEXIS 97555, at *8 (D. Neb. July 12, 2013); *Lane v. Lombardi*, No. 2:12-cv-4219-NKL,

2012 U.S. Dist. LEXIS 160241, at *6 (W.D. Mo. Nov. 8, 2012).  Although district courts

must employ a "rigorous analysis" to ensure that the requirements of Rule 23 are met, the

burden on the plaintiff to establish commonality remains "very light . . . and is easily

satisfied." *Powers*, 2013 U.S. Dist LEXIS 97555, at *8 (quoting *In re Hartford Sales

Practices Litig.*, 192 F.R.D. 592, 603 (D. Minn. 1999)). "Commonality is not a heavy burden,

but may be satisfied where the question of law linking the class members is substantially

related to the resolution of the litigation even though the individuals are not identically

situated." *Lane,* 2012 U.S. Dist. LEXIS 160241, at *6 (quoting *Paxton* 688 F.2d at 561); *see

also Brooklyn Ctr. for Independence of the Disabled v. Bloomberg*, 287 F.R.D. 240, 248

(S.D.N.Y. 2012) (describing commonality standard as "not demanding").

    The commonality requirement generally is met when a defendant applies a common

course of prohibited conduct to the plaintiff class.  1 *Newberg on Class Actions*, § 3.10 (3d

ed. 1992) (when "the party opposing the class has engaged in some course of conduct that

affects a group of persons and gives rise to a cause of action," the commonality requirement

has been described as "easily met"); *see Fair Hous. of the Dakotas v. Goldmark Prop. Mgmt*,

No. 3:09-cv-58, 2011 U.S. Dist. LEXIS 106934, at *12 (D. N.D. Sept. 20, 2011)

(commonality satisfied "[b]ecause [p]laintiffs' claims are based on a policy itself"); *Arnold v.

Cargill Inc.*, No. 01-2086, 2006 U.S. Dist. LEXIS 41555, at *11 (D. Minn. June 20, 2006)

("commonality requirement is satisfied as long as the members of the class have allegedly

been affected by a general policy of the defendant, and the general policy is the focus of the

litigation").  And, the Supreme Court has stated:

        Class relief is "particularly appropriate" when the "issues involved are
        common to the class as a whole" and when they "turn on questions of law

9

applicable in the same manner to each member of the class."  [cite omitted] For in such cases, the class action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23.

*Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)).

"When the claim arises out of the same legal or remedial theory, the presence of factual variations is normally not sufficient to preclude class action treatment."  *Donaldson v. Pillsbury Co.*, 554 F.2d 925, 831 (8th Cir. 1977); *see also Like v. Carter*, 448 F.2d 798, 802 (8th Cir. 1971) ("Factual differences are not fatal if common questions of law exist."); *Lane* at *6  (citing *DeBoer*, 64 F.3d at  1174-75) (factual differences among proposed class members' interests does not preclude finding of commonality where common issues span across proposed class members and relief sought is the same);  *Rikard v. U.S. Auto Prot., LLC*, 287 F.R.D. 490 (E.D. Mo. 2012) (dissimilarities within the proposed class do not defeat commonality where capacity of classwide proceeding to generate common answers is substantial); *Brooklyn Ctr. for Independence of the Disabled*, 287 F.R.D. at 248 (Factual disparities, if any, among class members do not defeat commonality so long as common issues affect all class members).

Here, questions of law and fact are common to the proposed class.  At issue are Defendants' system-wide failures to timely process initial and renewal applications for and provide SNAP benefits to Nebraska's poorest families.  The named plaintiff and the class members are all Nebraska residents have applied, are applying, or will apply for initial and/or renewal SNAP benefits and run the risk of receiving an untimely determination on their applications unless this Court acts.  *See* Leiting-Hall Decl. at ¶¶ 8, 15.  Plaintiff has alleged that these customs, policies, or practices violate their rights under federal law and

10

regulations.  It follows that there are numerous legal and factual questions common to the class that are capable of class-wide resolution,  including 1) whether Defendants have a custom, pattern, or practice of failing to process initial and recertification applications for SNAP benefits and provide benefits to eligible households within the time frames required by law; and 2) whether Defendants' practices of failing to timely process SNAP applications and provide benefits to eligible households violate federal SNAP statutes and implementing regulations.

The named plaintiff and putative class members are alleging that the Defendants violated the same rights; therefore resolution of these questions will generate common answers to all members of the class and resolve the litigation in "one stroke" as the Supreme Court mandated in *Dukes*.  131 S. Ct. at 2551.  Indeed, the Eighth Circuit found that similar questions regarding "the interpretation and validity of . . . federal statutes and regulations" gave rise to common questions in an analogous case challenging delays in Missouri's delays in processing applications for public assistance.  *Like*, 448 F.2d at 802; *see also Briggs*, 2013 U.S. Dist. LEXIS 67571, at *9 (Connecticut district court held that common questions of law and fact exist as to whether the defendant was "processing applications for food stamps in accord with applicable federal law and regulations").

Moreover, "proposed class actions seeking injunctive and declaratory relief, . . . 'by their very nature' present common questions of law and fact." *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 239 F.R.D. 9, 26 (D.D.C. 2007) (quoting 7A Charles A. Wright *et al.*, Federal Practice and Procedure § 1763, at 176 (3d ed. 2005 & Supp. 2010)).  In this case, the Class Action Complaint seeks uniform declaratory and injunctive relief for all class members, thus evidencing the commonality of the legal claims. *See* Class Action Compl. ¶¶ 5, 18

In sum, the class members bring common experiences and contentions to the Court, along with identical legal claims and requests for relief. It follows that the class satisfies the commonality requirement of Rule 23(a)(2).

C.    The Named Plaintiff's Claims Are Typical of the Claims of the Plaintiff Class

Rule 23(a)(3), the "typicality" factor, requires that the claims or defenses of the representative parties must be typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). Typicality means "that there are other members of the class who have the same or similar grievances as the plaintiff." *Donaldson*, 554 F.2d at 831. Typicality "is generally considered to be satisfied if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory." *Paxton*, 688 F.2d at 561-62 (internal quotation marks and citation omitted). Where class members' claims arise from the same event or conduct, typicality is not defeated by any factual differences between individual cases. *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996); *accord Powers*, 2013 U.S. Dist LEXIS 97555, at *9. The burden to show typicality is "not an onerous one," *Paxton*, 688 F.2d at 562, and "is fairly easily met so long as other class members have claims similar to the named plaintiff," *DeBoer*, 64 F.3d at 1175; *accord Bredthauer v. Lundstrom*, 2012 U.S. Dist. LEXIS 147903, at *8-10 (D. Neb. Oct. 12, 2012).

In *Robidoux,* a case alleging delays in processing cash public assistance benefits under two different programs, the Second Circuit concluded that the typicality requirement "plainly was met with respect to persons suffering delays with respect to their applications for benefits." 987 F.2d at 937. Similarly, in *Briggs*, which involved a challenge to

12

Connecticut's systemic delays in processing of food stamp applications, the district court found that typicality is satisfied when "each class member's claim arises from the same course of events and each class member makes similar legal arguments." 2013 U.S. Dist. LEXIS 67571, at *9 (internal citations and quotation marks omitted).

Here, the Court should likewise conclude that typicality requirement is met because the claims of the named plaintiff and the class arise from Defendants' same illegal conduct: the failure to timely process SNAP applications and provide benefits to eligible households. Like the class members, the named plaintiff is a Nebraska resident who has: (1) filed an application for SNAP benefits in Nebraska, either on an initial or renewal basis; and (2) has not had her application processed or SNAP benefits provided to her within the time frames required by law. Leiting-Hall Decl. at ¶¶ 8, 15. The named plaintiff submitted a renewal application for SNAP benefits on or about June 16, 2014 and has yet to receive a determination on her application or benefits. *Id.*

Thus, the named plaintiff's claims arise from the same course of unlawful events, are premised on the same legal bases, and are not adverse to those of other class members. In supporting her individual claims, the named plaintiff will simultaneously advance the claims of absent class members. The named plaintiff's claims therefore satisfy the typicality requirement of Rule 23(a)(3).

>        D.      The Named Plaintiff Will Fairly and Adequately Protect the Class

The final prong of Rule 23(a) requires the Court to find that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously

13

prosecute the interests of the class through qualified counsel." *Paxton*, 688 F.2d at 562-63 (citations omitted).  Once again, the burden of demonstrating the class representatives' adequacy is not heavy.  *Rikard*, 287 F.R.D. at n.7.

The named plaintiff shares interests in common with members of the class.  She has been subject to the same delays in receipt of food stamp benefits as absent class members, and is seeking enforcement of federal rights to timely processing and issuance of those benefits in a manner that would benefit all members of the class equally.  Leiting-Hall Decl. at ¶ 20-21.  No actual conflict or even potential conflict exists.  The named plaintiff and the class members seek declaratory and injunctive relief to assure that Defendants timely processes all applications for SNAP and provides benefits to eligible households within the time frames required by federal law. *See* Class Action Compl. ¶ 5.  Such requests do not present conflicts between or among class members.

Furthermore, Nebraska Appleseed and the National Center for Law and Economic Justice will adequately represent the interests of the class members.  Counsel is "qualified, experienced, and able to vigorously conduct the proposed litigation." *See* 1 *Newberg on Class Actions*, § 3.22 (3d ed. 1992).   Plaintiff's counsel include attorneys with extensive experience in both class action and individual affirmative litigation in federal and state court, on behalf of impoverished individuals challenging governmental actions depriving them of public assistance benefits.  McCleery Decl. at ¶ 24.

II.     This Case Satisfies the Requirements of Rule 23(b)

The named plaintiff pursues certification of the class for declaratory and injunctive relief only, pursuant to Rule 23(b)(2), which provides that class certification is appropriate if "the party opposing the class has acted or refused to act on grounds generally applicable to

the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) "applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 131 S. Ct. at 2557. Classes certified under Rule 23(b)(2) incorporate "the most traditional justifications for class treatment-- . . . that the relief sought must perforce affect the entire class at once . . . " *Id.* at 2558.

Indeed, Rule 23(b)(2) class actions were designed specifically this type of case— "civil rights cases seeking broad declaratory or injunctive relief for a numerous and often unascertainable or amorphous class of persons…." 1 *Newberg on Class Actions*, § 4.11 (3d ed. 1992) (footnotes omitted). As the Supreme Court reaffirmed in *Dukes*, "'[c]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples of what (b)(2) is meant to capture.'" *Id.* at 2557-58 (quoting *Amchem Prods. v. Windsor*, 521 U.S. 591 (1997)); *accord Briggs*, 2013 U.S. Dist. LEXIS 67571, at *13 (same) (quoting *Dukes*, 131 S. Ct. at 2557-58)). Moreover, the Eight Circuit has stated that "[i]f the Rule 23(a) prerequisites have been met and injunctive or declaratory relief has been requested, the action usually should be allowed to proceed under subdivision (b)(2)." *DeBoer*, 64 F.3d at 1175; *accord Halbach v. Great-W. Life & Annuity Ins. Co.*, No. 05-2399, 2007 U.S. Dist. LEXIS 2425, at *10 (E.D. Mo. Apr. 2, 2007).

Courts repeatedly have granted class certification pursuant to Rule 23(b)(2) in cases where the defendant's failure to act for the benefit of a plaintiff is a result of institutional patterns and practices. In addition, where a plaintiff requests declaratory or injunctive relief, class certification is necessary to adequately protect all members of the putative class. *See Bowlin*, 2005 U.S. Dist. LEXIS 4258, at *6 (in an action challenging classwide denial of

15

transitional medical assistance, District of Nebraska approved certification of class of needy Nebraska caretaker relatives who receive Medicaid under Rule 23(b)(2)); *see also Linquist,* 633 F. Supp. at 860 (noting that Rule 23(b)(2) has been used as the basis for class certification in cases challenging policies or procedures of governmental agencies and citing cases).

The named plaintiff's suit under 42 U.S.C. § 1983 to enjoin Defendants' continuing violation of their federal rights to timely application processing and issuance of SNAP benefits is precisely the type of civil rights action warranting class certification. Defendants have acted on grounds generally applicable to the class by failing to process initial and renewal SNAP applications and provide benefits to those eligible within the time frames required by law. Defendants' actions have equal application to all class members, as current or future SNAP applicants. Moreover, the relief requested by the class is a declaratory judgment and equitable relief requiring the state to timely process applications and provide SNAP benefits to eligible households.

Because the Defendants' actions and inactions have affected all the class members in the same or very similar ways, the named plaintiff's classwide request for injunctive relief is a "prime example" *Amchem,* 521 U.S. at 614, of an action appropriate for certification under Rule 23(b)(2).

<u>CONCLUSION</u>

For the reasons stated above, the named plaintiff respectfully requests that the Court to certify this case as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) and, pursuant to Rule 23(g), to appoint Nebraska Appleseed Center for Law in the Public Interest and the National Center for Law and Economic Justice to represent the class.

16

Dated: August 1, 2014                Respectfully submitted,


                                     ATTORNEYS FOR PLAINTIFF


                                     **s/ Molly M. McCleery**
                                     Molly M. McCleery
                                     Bar Number: 25151
                                     James A. Goddard
                                     Bar Number: 24150
                                     Attorneys for Plaintiff
                                     Nebraska Appleseed Center for Law
                                     In the Public Interest
                                     941 O Street, Suite 920
                                     Lincoln, Nebraska 68508
                                     Telephone: (402) 438-8853
                                     Fax: (402) 438-0263
                                     E-mail: mmccleery@neappleseed.org
                                             jgoddard@neappleseed.org

                                     Marc Cohan
                                     Mary R. Mannix
                                     Jenny R. A. Pelaez
                                     National Center for Law and Economic Justice
                                     275 Seventh Avenue
                                     New York, New York 10001
                                     Telephone: (212) 633-6967
                                     Fax: (212) 633-6371
                                     E-mail: cohan@nclej.org
                                             mannix@nclej.org
                                             pelaez@nclej.org