IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMI LEITING-HALL, individually and on behalf of herself and all other similarly situated, and ASHLEY DANKLEFF,<br><br>Plaintiffs,<br><br>vs.<br><br>COURTNEY PHILLIPS, as Chief Executive Officer of the Nebraska Department of Health and Human Services, and DOUGLAS WEINBERG, in his official capacity as Director of the Division of Children and Family Services, Nebraska Department of Health and Human Services,<br><br>Defendants. | 4:14-CV-3155<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the parties' proposed Stipulation and Order of Settlement, and the parties' Joint Rule 23(h) Motion for Fees and Costs (filing 106). The Court will approve the stipulation and enter the settlement order, and will grant the motion for fees and costs.

This action was filed on August 1, 2014, and on the same day the plaintiffs moved pursuant to Fed. R. Civ. P. 23 to certify a plaintiff class. *See* filing 1; filing 4. In an order entered March 31, 2015 (filing 59), the Court certified the plaintiff class, adopting the Magistrate Judge's findings and recommendation (filing 47) to that effect. On December 23, the Court was advised that the parties were approaching settlement. Filing 99. By February 24, 2016, the parties entered into a proposed Stipulation and Order of Settlement disposing of the plaintiffs' claims. *See* filing 105. Pursuant to Rule 23(e), the Court set a hearing on the fairness of the proposed settlement and reviewed the forms of notice submitted by the parties, approved them as to form, and approved their plan for directing notice to the class members. Filing 105.

The fairness hearing has now been held. The parties have advised the Court that the form of notice approved by the Court's order (filing 105) has been given, as supplemented to also reflect the parties' subsequent agreement on fees and costs. *See* filing 106 at 3. The parties have reported to the Court that they have received no objections to the proposed settlement, nor has the Court has received any objections to the proposed settlement.

SETTLEMENT AGREEMENT

The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the Court's approval. Rule 23(e). Under Rule 23(e) the district court acts as a fiduciary who must serve as a guardian of the rights of absent class members. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005); *In re BankAmerica Corp. Secs. Litig.*, 350 F.3d 747, 751 (8th Cir. 2004); *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975). If the proposed settlement would bind the class members, the Court may approve it only after a hearing and upon finding that it is fair, reasonable, and adequate. Rule 23(e)(2). But a class action settlement is a private contract negotiated between the parties. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d at 934. Rule 23(e) requires the Court to intrude on that private consensual agreement merely to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d at 934.

In this case, the Court finds that the appointed class representatives and their counsel fairly and adequately represented the interests of the class members in connection with the settlement agreement, and that the class representatives and the settling defendants were represented by able and experienced counsel. The settlement agreement was the product of good-faith, arm's-length negotiations by the class representatives, defendants, and their respective counsel.

With respect to notice, the Court finds that the form, content, and method of disseminating notice to the class members were adequate and reasonable and constituted the best notice practicable under the circumstances, satisfying Rule 23(c)(2)(B). Due process requires that notice of a proposed settlement be given to the class. *Grunin*, 513 F.2d at 120. The notice given must be reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id.* In addition, the notice must reasonably convey the required information and it must afford a reasonable time for those interested to make their appearance. *Id.* The contents must

fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings. *Id.* at 122. The notice given in this case met those requirements; it informed the class members of the action and their options, provided the class members with a means for reviewing all the terms of the settlement agreement, and afforded the class members a reasonable opportunity to object, as balanced against the exigencies of this litigation.

The Court also finds that the settlement agreement is fair, reasonable, adequate, and in the best interests of class members. In assessing whether a settlement is fair, reasonable, and adequate, the most important factor is the strength of the case for plaintiffs on the merits, balanced against what is offered in settlement. *See, Prof'l Firefighters Ass'n of Omaha, Local 385 v. Zalewski*, 678 F.3d 640, 648 (8th Cir. 2012); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d at 933; *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999); *Grunin*, 513 F.2d at 124. If the plaintiff class faced a strong unlikelihood of success, or an initial defeat followed by another round at the appellate level, virtually any benefit inuring to the class would be better than the prospect of an ultimately unsuccessful litigation. *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1177 (8th Cir. 1995). But the Court has neither the duty nor the right to reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute. *Grunin*, 513 F.2d at 123. In examining a proposed settlement for approval or disapproval, the Court does not try the case; the very purpose of a compromise is to avoid the delay and expense of a trial. *Id.* at 124.; *see also DeBoer*, 64 F.3d at 1178. And the views of the parties to the settlement must also be considered. *DeBoer*, 64 F.3d at 1178.

In this case, the Court finds that the proposed settlement is a substantial success for the plaintiffs. The purpose of this litigation, from the outset, was not to secure damages: it was to require the defendants to better meet their obligations to the plaintiff class to timely process SNAP applications and provide benefits to eligible households. *See* filing 1 at 13-15; filing 19 at 15-19. In a case such as this, where the defendants' ongoing cooperation is essential, an amicable settlement is a far better way to secure the plaintiffs' rights than protracted litigation and an adversarial judgment. The terms of the proposed settlement provide the plaintiffs with essentially what they sought to attain.

The remaining factors relevant to the fairness of the settlement are either neutral or weigh in favor of the settlement. The defendants' overall financial condition and ability to pay is not relevant in this case. The complexity, length, and expense of further litigation—and the potential harm to the plaintiff class in delaying relief—weighs in favor of settlement. And the

3

amount of opposition to the settlement weighs strongly in favor of it: no one has actually objected.

Based on the foregoing, the Court finds that the settlement agreement is fair, reasonable, and adequate within the meaning of Rule 23(e)(2), and will approve it.

ATTORNEY'S FEES AND EXPENSES

In a certified class action, the Court may award reasonable attorney's fees and non-taxable costs that are authorized by the parties' agreement. Rule 23(h). The parties have jointly moved for an award of fees and costs. Filing 106. The following are the findings of fact and conclusions of law required of the Court by Rule 23(h)(3) and Fed. R. Civ. P. 52(a).

The Court bears the responsibility of scrutinizing attorney fee requests, and the burden rests with counsel to establish a factual basis to support the award. *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 (8th Cir. 1996). Courts utilize two main approaches to analyzing a request for attorney's fees. *Id.* at 244. Under the "lodestar" methodology, the hours expended by an attorney are multiplied by a reasonable hourly rate of compensation so as to produce a fee amount which can be adjusted, up or down, to reflect the individualized characteristics of a given action. *Id.* Another method, the "percentage of the benefit" approach, permits an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation. *Id.* at 244-45. The percentage-of-the-benefit method, however, cannot be applied in a case such as this, where the settlement does not involve payment or a common fund.

The standards to be considered in calculating attorney's fees under a "lodestar" approach are (1) the number of hours spent in various legal activities by the individual attorneys, (2) the reasonable hourly rate for the individual attorneys, (3) the contingent nature of success, and (4) the quality of the attorneys' work. *Jorstad v. IDS Realty Trust*, 643 F.2d 1305, 1312-13 (8th Cir. 1981); *see also Grunin*, 513 F.2d at 127. The "reasonable hourly rate" for purposes of a lodestar analysis is the "hourly amount to which attorneys of like skill in the area would typically be entitled for a given type of work on the basis of an hourly rate of compensation." *Jorstad*, 643 F.2d at 1313. The starting point is multiplying attorneys' hours and typical hourly rates; only after such a calculation do other, less objective factors come into the equation. *Grunin*, 513 F.2d at 127.

The Court has carefully considered the parties' agreement to settle the plaintiffs' claims for attorney's fees and costs, and the supporting documentation presented. *See* filing 107. The Court has particularly considered the hours spent on the case by the plaintiffs' attorneys, and their

4

hourly rates, along with the costs incurred for travel and discovery. *See* filing 107-2; filing 107-3. The Court has also considered the challenging nature of this litigation, and the extensive preparation and care reflected in the briefings and evidence submitted over the course of the litigation by the plaintiffs' capable counsel. And significantly, because this settlement does not involve payment to the plaintiff class, there is no potential conflict of interest—attorney's fees are not being awarded at the expense of making those funds unavailable to the plaintiff class.

Considered under a "lodestar" approach, the Court finds that the parties' settlement agreement as to fees and costs is fair and reasonable. The Court will approve the settlement and grant the parties' joint motion for fees and costs (filing 106).

IT IS ORDERED:

1. The parties' proposed Stipulation and Order of Settlement is approved.

2. The parties' Joint Rule 23(h) Motion for Fees and Costs (filing 106) is granted.

3. The Court will separately file the Stipulation and Order of Settlement and stipulated Agreement to Settle Claims for Attorney's Fees and Costs.

4. A separate judgment will be entered.

5. Upon entry of the judgment, this case will be closed for administrative purposes.

Dated this 1st day of April, 2016.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
United States District Judge

5