| | |
|---|---|
| TAMI LEITING-HALL and ASHLEY DANKLEFF, individually and on behalf of all others similarly situated, | CASE NO. 4:14cv3155 |
| Plaintiffs, | (CLASS ACTION) |
| v. | AGREEMENT TO SETTLE CLAIMS FOR ATTORNEY'S FEES AND COSTS |
| COURTNEY PHILLIPS, as Chief Executive Officer of the Nebraska Health and Human Services, and DOUGLAS WEINBERG, as Director of the Division of Children and Family Services, | |
| Defendants. | |

This AGREEMENT TO SETTLE CLAIMS FOR ATTORNEY'S FEES AND COSTS (hereinafter the "Fees Settlement Agreement") is made between Tami Leiting-Hall and Ashley Dankleff (individually and on behalf of all others similarly situated) (collectively the "Plaintiffs") and Courtney Phillips and Douglas Weinberg (collectively the "Defendants").

In order to avoid the uncertainties of further litigation on the issue of attorney's fees and costs, it is hereby stipulated and agreed as follows:

1. WHEREAS, Plaintiffs brought this action under 42 U.S.C. § 1983 alleging that Defendants failed to provide Supplemental Nutrition Assistance Program ("SNAP") benefits within the time frames mandated by federal law to eligible households who file initial or renewal applications because of policies and practices that a) unlawfully deny applicants the opportunity to comply with application procedures and thereby result in Defendants denying their applications; and b) otherwise unlawfully delay processing resulting in eligibility decisions beyond federally-mandated time limits.

2. WHEREAS, Plaintiffs' First Amended Complaint (Filing 19) sought declaratory and injunctive relief against Defendants on behalf of themselves and members of a certified class to

1

require Defendants to (1) ensure that SNAP applicants have the right to apply, including the right to apply for recertification, and to complete the application process in time to receive SNAP benefits within the federally mandated time frames; and (2) determine such households' eligibility within the mandated time frames and provide SNAP benefits within the mandated time frames to those eligible. A class has been certified in this action.

3. WHEREAS, Defendants filed an Answer (Filing 26) to Plaintiffs' First Amended Complaint disputing Plaintiffs' allegations, raising various affirmative defenses, and contesting Plaintiffs' claims for declaratory and injunctive relief.

4. WHEREAS, in the interest of avoiding the costs, burdens, and uncertainty of potential litigation, the parties have agreed to resolve all issues presented in this litigation without further proceedings and without Defendants admitting any fault or liability. To that end, the parties executed the "Stipulation and Order of Settlement" (attached hereto as Exhibit A) and jointly submitted said Stipulation and Order of Settlement to the United States District Court for the District of Nebraska for approval, pursuant to Fed. R. Civ. P. 23(e). *See* Filing 105. A hearing to determine whether the Stipulation and Order of Settlement is fair and reasonable has been scheduled for April 1, 2016. *Id.*

5. WHEREAS, pursuant to their agreement at Paragraph 23 of the Stipulation and Order of Settlement, the parties stipulate that Plaintiffs are entitled to recover their attorney's fees and costs under 42 U.S.C. § 1988.

6. WHEREAS, the parties wish to conclude, settle, and resolve the issue of the attorney's fees and costs without further litigation.

7. The Defendants will pay to Nebraska Appleseed Center for Law in the Public Interest the lump sum of $230,000.00 (two hundred thirty thousand dollars), in full and complete settlement of any and all claims for attorney's fees, associated costs, and expenses in the above-captioned lawsuit up to the date the Stipulation and Order of Settlement is so ordered. Payment of the entire

2

amount will be made by the State of Nebraska upon approval and appropriation by the Nebraska Legislature during the 2016 legislative session.

8. In addition to appropriation by the Nebraska Legislature, final payment of the settlement amount is contingent upon the Court's approval and entry of the Stipulation and Order of Settlement attached hereto as Exhibit A.

9. In consideration of this Fees Settlement Agreement, the Plaintiffs agree to release Defendants from any and all claims for attorney's fees, associated costs, and expenses in the above-captioned lawsuit up to the date the Stipulation and Order of Settlement is so ordered.

10. Within 7 (seven) days of the approval of the appropriation by the Nebraska Legislature of the settlement amount, the parties agree to jointly submit a Notice to the Court, the body of which Notice shall state, in its entirety: "The parties have reached a full settlement on the issue of attorney's fees, associated costs, and expenses in the above-captioned lawsuit and no such application for such fees or costs is forthcoming for attorney's fees and costs up to the date the Stipulation and Order of Settlement is so ordered."

11. Consistent with the terms of the attached Stipulation and Order of Settlement, this Fees Settlement Agreement does not constitute an admission by the Defendants of any violation of any regulation, ordinance, administrative procedure, or any federal, state or local law, common law, the Nebraska State Constitution, or the United States Constitution, liability for which is expressly denied.

12. The undersigned counsel have full authority to execute this Fees Settlement Agreement on behalf of the parties and bind the parties fully to all terms and conditions.

DATED this 14th day of March, 2016.

TAMI LEITING-HALL and
ASHLEY DANKLEFF, individually and on
behalf of all others similarly situated,
PLAINTIFFS.

COURTNEY PHILLIPS, as Chief Executive
Officer of the Nebraska Department of Health
and Human Services, and DOUGLAS
WEINBERG, as Director of the Division of
Children and Family Services,
DEFENDANTS.

_____
Molly M. McCleery
Bar Number: 25151
James A. Goddard
Bar Number: 24150
Attorneys for Plaintiffs
Nebraska Appleseed Center for Law In the
Public Interest
941 O Street, Ste 920
Lincoln, Nebraska 68508
Telephone: (402) 438-8853
Fax: (402) 438-0263
E-mail: mmccleery@neappleseed.org
jgoddard@neappleseed.org

Marc Cohan
Mary R. Mannix
National Center for Law and
Economic Justice
275 Seventh Avenue, Suite 1506
New York, New York 10001
Telephone: (212) 633-6967
Fax: (212) 633-6371
E-mail: cohan@nclej.org
mannix@nclej.org

Attorneys for Plaintiffs

SO ORDERED

DOUGLAS J. PETERSON
*Attorney General of Nebraska*

_____
David A. Lopez, NE #24947
Jessica M. Forch, NE #24912
*Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
2115 State Capitol
Lincoln, Nebraska 68509
Tel.: (402) 471-2682
Dave.lopez@nebraska.gov
Jessica.Forch@nebraska.gov

Attorneys for Defendants

_____
John M. Gerrard
United States District Judge

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TAMI LEITING-HALL and ASHLEY DANKLEFF, individually and on behalf of all others similarly situated, | ) ) ) | CASE NO. 4:14cv3155 |
| | ) ) | (CLASS ACTION) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| COURTNEY PHILLIPS, as Chief Executive Office of the Nebraska Health and Human Services, and DOUGLAS WEINBERG, as Director of the Division of Children and Family Services, | ) ) ) ) ) | |
| Defendants. | ) | |

## STIPULATION AND ORDER OF SETTLEMENT

Plaintiffs brought this action under 42 U.S.C. § 1983 alleging that Defendants COURTNEY

PHILLIPS, as Chief Executive Officer of the Nebraska Department of Health and Human Services

(or "DHHS"), and DOUGLAS WEINBERG, as Director of the Division of Children and Family

Services, fail to provide Supplemental Nutrition Assistance Program ("SNAP") benefits within the

time frames mandated by federal law to eligible households who file initial or renewal applications

because of policies and practices that a) unlawfully deny applicants the opportunity to comply with

application procedures and thereby result in Defendants denying their applications; and b) otherwise

unlawfully delay processing resulting in eligibility decisions beyond federally-mandated time limits.

Plaintiffs seek declaratory and injunctive relief against Defendants on behalf of themselves

and members of a certified class to require Defendants to (1) ensure that SNAP applicants have the

right to apply, including the right to apply for recertification, and to complete the application process

in time to receive SNAP benefits within the federally mandated time frames;  and (2) determine such

1

households' eligibility within the mandated time frames and provide SNAP benefits within the mandated time frames to those eligible. A class has been certified in this action.

Defendants filed an Answer to Plaintiffs' Complaint disputing Plaintiffs' allegations, raising various affirmative defenses, and contesting Plaintiffs' claims for declaratory and injunctive relief.

Plaintiffs later filed a Motion for a Preliminary Injunction, which both parties have briefed and which is pending before the Court.

Nevertheless, in the interest of avoiding the costs, burdens, and uncertainty of potential litigation, the parties have agreed to resolve all issues presented in this litigation without further proceedings and without Defendants admitting any fault or liability. Whereas the parties desire to settle this action, and good cause appearing,

**IT IS HEREBY ORDERED**:

**I.      DEFINITIONS**

For purposes of this Stipulation and Order of Settlement (hereinafter "Order"), the following definitions apply:

1.      **"Timely Denial"** means, as to initial applications for SNAP benefits, an action taken by the case worker or the data system to deny the initial application and to cause a notice to be generated on or before the 30th day after the application was submitted to the agency, unless the 30th day falls on a weekend or holiday. If the 30th day falls on a weekend or holiday, the denial of SNAP benefits shall be timely if the SNAP application is denied on the next business day after the weekend or holiday.

2.      **"Timely Application Approval"** means a) as to applications eligible for expedited processing, that SNAP benefits are issued to the household no later than the 7th day following the

date on which the household submitted the application; and b) as to applications subject to 30 day processing, that SNAP benefits are issued to the household no later than the 30th day following the date on which the household submitted the application.

3.    **"Timely Recertification Application Approval"** means a) as to households that have filed a timely recertification application pursuant to 7 C.F.R. § 273.14 (c), that SNAP benefits are issued not later than 30 calendar days after the date the household received its last allotment or no later than the household's normal issuance cycle in the month following the end of its current certification period as provided in 7 C.F.R. §§ 273. 14 (d)(1 ) and (2); and b) as to households that have filed a timely recertification application after the 15th day of the last month of the certification period, but before the end of the certification period, that SNAP benefits are issued not later than 30 calendar days after the application was submitted.

4.    **"Recertification Application Denial"** means a) a denial or termination of SNAP benefits at the end of a household's certification period that is a result of a worker action to deny or terminate benefits; and b) the automatic closure of a household's case at the end of the certification period.

5.    **"Timely Recertification Application Denial"** means a) as to timely filed recertification applications, an action by the worker or the data system to deny and mail notice of such denial by the end of the household's current certification period; and b) as to recertification applications filed after the 15th of the last month of the certification period, but before the end of the certification period, an action by the worker or the data system to deny and mail notice of denial by the 30th day following the date the application was submitted, or in the cases where the 30th day falls on a weekend or holiday, the next business day following the 30th day.

6. **"Date of Issuance"** means the date that SNAP benefits are available to the household and such date is 1 day after the SNAP application (initial or recertification) is approved.

## II. CLASS CERTIFICATION

7. During the term of the Court's jurisdiction, including any extensions, a class is certified consisting of all Nebraska residents who, since January 1, 2012, have applied, are applying, or will apply for Supplemental Nutrition Assistance Program ("SNAP") benefits from the Nebraska Department of Health and Human Services through an initial and/or recertification application.

## III. DEFENDANTS' OBLIGATIONS

8. Set forth in sub-paragraphs 8(a) to 8(j) are Defendants' obligations under federal statutes and regulations as to initial and expedited SNAP applicants, with which Defendants shall comply:

    a.    Defendants shall screen applicant households to determine if the household is eligible for expedited service of their SNAP application at the time the household applies for benefits in accordance with 7 U.S.C. § 2020(e)(9) and 7 C.F.R. § 273.2(i)(2).

    b.    Defendants shall provide expedited service of a SNAP application to households eligible for such expedited service no later than the seventh calendar day following the date the application is filed as set forth in 7 U.S.C. § 2020(e)(9) and 7 C.F.R. § 273.2(i)(3).

    c.    Defendants shall provide eligible households that complete the initial application process an opportunity to participate in the SNAP program as soon as possible, but no later than thirty calendar days following the date the application was filed as required by 7 U.S.C. § 2020(e)(3); 7 C.F.R. § 273.2(g)(1).

4

d.      Defendants shall schedule interviews for all applicant households who are not interviewed on the day they submit their applications and shall schedule interviews to ensure eligible households receive an opportunity to participate within 30 days after the application is filed as required by 7 C.F.R. § 273.2(e)(3).

e.      As required by 7 C.F.R. § 273.2(e)(3), Defendants shall notify each household that misses its interview that it missed the scheduled interview and that the household is responsible for rescheduling a missed interview. If the household contacts Defendants within the 30 day application processing period, Defendants shall schedule a second interview. Defendants shall not deny a household's application prior to the 30th day after application if the household fails to appear for the first scheduled interview. If the household requests a second interview during the 30 day application processing period and is determined eligible, Defendants shall issue prorated benefits from the date of application.

f.      In accordance with 7 C.F.R. § 273.2(c)(5), Defendants shall give each household at the time of application a notice of the verification requirements that the household must meet as part of the application process. The notice, *inter alia,* shall inform the household of the agency's responsibility to assist the household in obtaining verification provided the household is cooperating with the state agency as specified in 7 C.F.R. § 273.2(d)(l ).

g.      Defendants shall give households at least 10 days to provide the required verification in accordance with 7 C.F.R. § 273.2(f).

h.      For households that qualify for expedited processing, Defendants shall verify the

5

applicant's identity through a collateral contact or readily available documentary evidence as provided in 7 C.F.R. § 273.2(f)(l). Defendants shall make reasonable efforts to verify other eligibility factors specified in 7 C.F.R. § 273.2(f) within the expedited processing standards. However, Defendants shall not delay benefits beyond seven days solely because these eligibility factors have not been verified. 7 C.F.R. § 273.2(i)(4).

i.  Defendants shall certify households for a definite period of time as required by 7 C.F.R. § 273.10(f).

j.  Defendants shall provide each applicant with a notice of eligibility determination for SNAP, denial, or pending status, including notice of the right to a fair hearing, as required by 7 C.F.R.§ 273.10(g)(l).

9.  Set forth in sub-paragraphs 9(a) to 9(f) are Defendants' obligations under federal statutes and regulations as to recertification SNAP applicants, with which Defendants shall comply:

a.  Defendants shall give each household notice of the expiration of its certification period and the need to submit a new application in order to renew its eligibility for a new certification period. Defendants shall give this notice prior to the start of the last month of the household's certification period as required by 7 U.S.C. § 2020(e)(4) and 7 C.F.R. 273.14(b).

b.  Defendants shall provide the SNAP allotment to each household that files an application for recertification no later than fifteen days prior to the day upon which the existing certification period expires and, if found to be still eligible, no later than one month after the household received its last allotment issued pursuant to the prior

6

certification as required by 7 U.S.C. § 2020(e)(4).

c.    Defendants shall provide the household with a notice of required verification and the due date for such verification. Defendants shall give the household at least 10 days to provide the required information. Defendants shall also give each eligible household whose eligibility is not determined by the end of its current certification period due to the time period allowed for submitting any missing verification an opportunity to participate, if eligible, within 5 working days after the household submits the missing verification. 7 C.F.R. § 273.14(b)(4).

d.    Defendants shall provide eligible households an opportunity to receive SNAP benefits no later than 30 calendar days after the date the household received its last allotment or, as applicable, by its normal issuance date in the month following the end of its certification period as required by 7 C.F.R. § 273.14(d).

e.    Defendants shall provide households with a Notice of Expiration containing, *inter alia*, the date the certification period expires and the date by which the household must submit an application for recertification in order to receive uninterrupted benefits as required by 7 C.F.R. § 273.14(b).

f.    Defendants shall schedule interviews so that the household has at least 10 days after the required interview in which to provide verification before the certification period expires, as required by 7 C.F.R. § 273.14(b)(3)(iii).

10.    Notwithstanding any other provision of this Order, Defendants shall fully comply with the timely processing requirements of the applicable SNAP statutes and regulations. For purposes of this Order, Defendants shall be deemed to be fully complying with the timely processing

7

requirements of the SNAP statutes and regulations so long as they meet a 96% timely processing standard with respect to each of the following categories of dispositions (including approvals and denials) each month: a) initial applications eligible for 7 day (expedited) processing; b) initial applications subject to 30 day processing; and c) all recertification dispositions, starting no later than the month following the date that this Order is so ordered and that Order is entered on the docket sheet of the Nebraska District Court. Any performance percentage over a half (.5) percentage point shall be rounded up to the nearest whole percentage number. For example, a timeliness percentage of 95.99% shall be considered 96% for purposes of this Order. The determination of Defendants' monthly performance percentage for each of the categories (a), (b), and (c) of this Paragraph 10 shall be by reference to the data reflected in the "Nebraska SNAP Processing Results" Report, described in paragraph IV (12(c)) of this Order.

      11.      Defendants agree that they shall enact any changes to policy to ensure that DHHS staff, employees, agents, and assigns comply with the terms and conditions of this Order. In addition, Defendants shall conduct such training as is necessary to ensure that DHHS staff, employees, agents, and assigns comply with the terms and conditions of this Order. Moreover, Defendants shall provide Plaintiffs' counsel with copies of any changed policy memos, procedures manuals, and internal directives upon issuance.

## IV. REPORTS

### A. Timeliness of Initial and Recertification Applications

      12.      During the term of this Order, Defendants shall provide Plaintiffs' counsel with the following monthly monitoring reports within fifteen ("15") calendar days of the end of the month

8

being monitored:

a. "The Summary of Processed SNAP Applications for IMPAQ-Monthly" Report. This report contains whole population data which notes the number of applications processed monthly and whether those applications were processed timely. This data calculation is run on the first Monday after the first Sunday of every month.

b. "The Access Nebraska Dashboard "SNAP- Key Performance Metrics" report. This report is run monthly and shows several SNAP and Economic Assistance performance metrics related to timely application processing and call center performance.

c. The "Nebraska SNAP Processing Results" Report. This report is run monthly on the first of the month and reflects data from the last business day of the previous month. This report shows for each month: a) the number of initial 30 day applications processed timely and untimely; b) the number of initial 7 day (expedited) applications processed timely and untimely; c) the number of initial application (7 day and 30 day) approvals and denials; d) the number of recertification application approvals and denials; e) the timeliness percentages for initial 7 day applications, initial 30 day applications, and recertification applications; f) the number of pending applications, broken out by days pending; and g) the number of recertification applications pending, with recertification applications that will not be processed timely noted with an asterisk.

One copy of a model of each of the reports referenced in this paragraph 12 of this Order is annexed hereto. The models of the reports referenced in subparts (a) and (c) include explanatory handwritten

annotations reflecting the corresponding data on said reports and specifying the formulae underlying the percentages in the report referenced in subpart (c) of this paragraph.

### B. Sampling

13.     At least one statistically significant random or systematic sample shall be drawn by Defendants from a month to be designated by the Plaintiffs to determine the accuracy and reliability of the reporting set forth in Section IV(A) of this Order. The sample size shall be a number that is necessary to provide no greater than a 3% confidence interval (margin of error) at the 95% confidence level for that sampling frame. The parties shall meet and confer before the sample is drawn to discuss the sampling methodology; the sample size; the data recording instrument to be used for recording the information drawn from the sample; and the data sources for both the monthly reports and the sample. In the event the parties are unable to reach an agreement, the disputed issues will be referred to the Court for resolution.

### C. Meet and Confer

14.     If, during the term of the Court's jurisdiction, Defendants develops new reports which they believe may provide plaintiffs and the Court with the information required by Section IV(A) of this Order in a manner that is equally reliable and no less convenient, Defendants shall give notice to Plaintiffs' counsel regarding any such reports and meet and confer with Plaintiffs' counsel regarding whether Section IV of this Order should be modified to address the new reports.

15.     Further, prior to making any substantive modification to the reports identified herein, Defendants shall provide Plaintiffs' counsel with any template or other information to explain the proposed modifications and provide Plaintiffs' counsel with the opportunity to evaluate whether the proposed modified report would continue to provide the information they believe is necessary for

10

monitoring compliance with this Order. Plaintiffs' counsel shall not unreasonably seek to oppose any such modification.

16.    If the parties cannot agree on whether any new report or any modified report can be used for the purposes of monitoring Defendants' compliance with the terms of this Order, the disputed issues will be referred to the Court for resolution.

## V.    INFORMAL REVIEW PROCESS

17.    Defendants agree to provide a mechanism by which Plaintiffs' counsel may bring to the attention of the DHHS those instances in which an initial or recertification application may not have been processed in accordance with applicable federal statutes and regulations cited herein:

a.    Defendants agree to review the issue and to take actions necessary to resolve the issue within five ("5") business days. Sheila Bacon, DHHS Field Operations Administrator, will act as the contact person for Plaintiffs' counsel. Defendants will provide Plaintiffs' counsel with the identity of any successor to the person responsible for resolving the issues within 5 business days of the date on which such a successor is named.

b.    Other ongoing communications include: (1) the ACCESS Nebraska Dashboard on the DHHS website; (2) bi-monthly meetings with Community Partners/Community Agencies to improve communication around eligibility determinations, and (3) regular meetings between Plaintiff's counsel and Program Administrator to discuss service delivery issues.

c.    Additionally, Defendants agree to appoint a local office administrator as a contact person. Individual applicants may contact the DHHS appointed individual in their

11

local office, within 30 days, if they believe that their application may not have been processed in accordance with applicable federal statutes and regulations cited herein. This meeting can be held telephonically or in person. This does not interfere with the individual's right to appeal.

### VI. JURISDICTION

18. Unless otherwise extended by the Court, the Court's jurisdiction herein shall terminate upon Defendants achievement of a full compliance as defined in paragraph III (10) of this Order: ninety-six (96%) of a) initial applications eligible for 7 day (expedited) processing; b) initial applications subject to 30 day processing; and c) all recertification dispositions) for twenty-five ("25") of twenty-eight ("28") months. The determination of Defendants' monthly performance percentage for each of the categories (a), (b), and (c) of this Paragraph 18 shall be reflected by reference to the data reflected in the "Nebraska SNAP Processing Results" Report, described in paragraph IV (12(c)) of this Order. For all applications, the first month that may be counted toward the twenty-five months shall be the month following the date that this Order is so ordered and that Order is entered on the docket sheet of the Nebraska District Court.

### VII. FORCE MAJEURE PROVISIONS.

19. In any month(s) in which defendant(s)' performance under paragraphs 8 and 9 of this Order is affected by natural disasters, terrorist attacks, or other similar circumstances beyond the Defendants' control (hereinafter "Force Majeure"), Defendants' non-complying performance for such month(s) shall be disregarded for the purposes of determining Defendants' compliance pursuant to paragraph 18 of this Order, but the terms of this Order and the Court's jurisdiction to enforce it shall be automatically extended by an equal number of additional month(s).

12

20.     If any Force Majeure event occurs that causes or may cause defendants to invoke paragraph 19 of this Order, Defendants shall, as soon as practicable (but in no event later than fourteen ("14") calendar days after Defendants knew, or should have known, of such event) notify Plaintiffs' counsel, in writing. In such notification, Defendants shall report the anticipated length of the disruption, the precise cause or causes of disruption, the measure or measures taken and to be taken by defendants to prevent or minimize the disruption, and the timetable by which the measure or measures will be implemented. Defendants will adopt all reasonable measures to avoid or minimize any such disruption.

21.     If Plaintiffs agree that a disruption has been or will be caused entirely by circumstances beyond the control of Defendants or any of its employees, agents, contractors or consultants, and that Defendants and its employees, agents, contractors and consultants could not, despite the exercise of their best efforts, have foreseen or prevented such violation, the time for performance of such requirement shall be extended for a period not to exceed the actual disruption resulting from such circumstance. In the event Plaintiffs do not agree, Defendants may submit the matter to this Court for resolution. If Defendants submit the matter to the Court for resolution, and the Court determines that a violation was caused entirely by Force Majeure circumstances beyond the control of Defendants or any employee, agent, contractor or consultant of the Defendants, then the terms of paragraph 27 operate as to the jurisdiction of the Court. If Defendants submit the matter to the Court for resolution and the Court determines that a violation was not caused entirely by Force Majeure, Force Majeure will not apply, and Defendants shall pay all costs and expenses incurred by the Plaintiffs, including attorney's fees, incurred in responding to Defendants' petition to the court.

22.     Defendants shall bear the burden of proving that any disruption or violation of any

13

requirement of this Order was caused entirely by Force Majeure. Defendants shall also bear the burden of proving the duration and extent of any disruption or violation attributable to such circumstances. Force Majeure shall not include increases in the number of applications, fluctuations in staffing levels, or acts of the state legislature in failing to appropriate funds that affect Defendants' ability to meet the federal time frames or other external causes that Defendants could have anticipated with reasonable business practices.

## VIII. GENERAL PROVISIONS

23.     Within forty-five ("45") days of entry of this Order, Plaintiffs' counsel may submit a request for attorney's fees and costs to Defendants through Defendants' counsel of record. If the parties are unable to agree to an award of fees and costs within sixty (60) days of Plaintiffs' submission of said request, Plaintiffs shall file a bill of costs and motion for attorney's fees and costs with the Court pursuant to 42 U.S.C. § 1988. In response, Defendants shall not challenge Plaintiffs' entitlement to fees and costs, but may only challenge the amount of the request.

24.     The terms and conditions of this Order shall become effective upon so-ordering by the Court.

25.     This Order is final and binding upon the parties, their successors and assigns. The parties recognize and acknowledge that the only consideration for signing this Order are the terms stated herein and no other promise, agreement, or representation of any kind has been made to any party by any person or entity whatsoever to cause any party to sign this Order.

26.     This Order constitutes a compromise settlement of disputed and contested matters between the parties. It shall not be construed as an admission of any sort by any of the parties, nor shall it be used as evidence in a proceeding of any kind, except as necessary to administer and/or

14

enforce the terms of this Order.

27.     This Order constitutes an integrated stipulation, containing the entire understanding of the parties with respect to the matters addressed herein and, except as set forth in this Order, no representations, warranties or promises, oral or written, have been made or relied on by the parties. This Order shall prevail over any prior communications between the parties or their representatives relative to matters addressed herein. This Order may not be changed unless the change is in writing and signed by the parties and the Court or the Court on its own.

28.     The parties warrant and represent that they have read and understand the foregoing provisions of this Order and that they and their respective signatories are fully authorized and competent to approve and consent to this Order on their behalf.

29.     Notwithstanding the provisions of this Order, Defendants reserve the right to seek to implement, change, or otherwise alter or amend the procedures and requirements of this Order if required by intervening changes in federal statute or regulation or State statute inconsistent with this Order. Defendants shall provide Plaintiffs' counsel written notification, by certified mail or by hand delivery with written acknowledgment of receipt, of a required change at least thirty (30) days prior to the commencement of implementation, unless Defendants are required to implement such a required change in less than thirty (30) days. If Defendants are required to implement a required change in less than thirty (30) days, Defendants shall provide notice to the Plaintiffs' counsel no later than seven (7) working days after learning of a required change. Plaintiffs may move to challenge whether the change is required by federal statute or regulations or state statute. Any such change shall be implemented as narrowly as possible to preserve as much of this Order as possible.

DATED this __1st__ day of ____April_____, 2016.

15

_____
JOHN M. GERRARD
UNITED STATES DISTRICT JUDGE

APPROVED AND CONSENTED TO BY:

TAMI LEITING-HALL and
ASHLEY DANKLEFF, individually and on
behalf of all others similarly situated,
PLAINTIFFS

**s/ Molly M. McCleery**
Molly M. McCleery
Bar Number: 25151
James A. Goddard
Bar Number: 24150
Attorneys for Plaintiffs
Nebraska Appleseed Center for Law In the
Public Interest
941 O Street, Ste 920
Lincoln, Nebraska 68508
Telephone: (402) 438-8853
Fax: (402) 438-0263
E-mail: mmccleery@neappleseed.org
jgoddard@neappleseed.org

Marc Cohan
Mary R. Mannix
National Center for Law and
Economic Justice
275 Seventh Avenue, Suite 1506
New York, New York 10001
Telephone: (212) 633-6967
Fax: (212) 633-6371
E-mail: cohan@nclej.org
mannix@nclej.org

Attorneys for Plaintiffs

COURTNEY PHILLIPS, as Chief Executive
Officer of the Nebraska Department of Health
and Human Services, and DOUGLAS
WEINBERG, as Director of the Division of
Children and Family Services,
DEFENDANTS

_____
Courtney Phillips, CEO, DHHS

DOUGLAS J. PETERSON, NE #18146
*Attorney General of Nebraska*

*s/ David A. Lopez*
David A. Lopez, NE #24947
Jessica M. Forch, NE #24912
*Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
2115 State Capitol
Lincoln, Nebraska 68509
Tel.: (402) 471-2682
Dave.lopez@nebraska.gov
Jessica.Forch@nebraska.gov

Attorneys for Defendants

# ANNEX
# PART 1 OF 3
## "Summary of Processed SNAP Applications for IMPAQ-Monthly Report"

Summary of Processed SNAP Applications for MEARS – Monthly



State Totals

7

C 3

D 4

A 1

B 2

E F 5 6

6

6

6

6

B

9

9. EDF Initial Apps Processed within timeframes    90.24%

9. Non-EDF Initial Apps Processed within timeframes    97.34%

9. Total Initial Apps Processed within timeframes    18.59%

9. Initial Apps that had a RS sent    95.17%

9. Timely Recertification Apps Processed within timeframes    96.11%

9. Untimely Recertification Apps Processed within timeframes    94.59%

9. Non-EDF Late Recertification Apps Processed within timeframes    90.19%

9. EDF Late Recertification Apps Processed within timeframes    97.41%

9. Non-EDF Recert Apps Processed within timeframes    95.24%

9. Recert Apps Processed within timeframes    95.094%

9. Recert Apps that had a RS sent    95.96%

9. Elig Apps Processed timely    95.91%

9. Total Applications Processed within timeframes    95.34%

**BADEN, SHEILA**

ADAMS, ANN

SCOTT, MARY JO

KIRKPATRICK, MARILYN

O'HARA, MIKE?

SHAUGHNESSY, KATHY?

NEUMANN, KIM

SULLIVAN, CINDY?

ALLISON, TAMMY

BENDER, CARLA

TOWNSEND, KELLY

VACANT,

DIXON, MELISSA

ROHR, MARLENE

SCHUH, SUE

**Admin Totals**

% IEXP Initial Apps Processed within timeframe: 20.00%
% Non-EXP Initial Apps Processed within timeframe: 19.96%
% Total Initial Apps Processed within timeframe: 18.47%
% Initial Apps that had a VR sent: 27.03%

% Timely Recertification Apps Processed within timeframe: 27.00%
% Untimely Recertification Apps Processed within timeframe: 20.00%
% Non-EXP Late Recertification Apps Processed within timeframe: 9.09%
% IEXP Late Recertification Apps Processed within timeframe: 9.09%
% Non-EXP Recert Apps Processed within timeframe: 27.00%
% Recert Apps Processed within timeframe: 20.00%
% Recert Apps that had a VR sent: 41.00%

% Exp Apps Processed timely: 14.29%
% Total Applications Processed within timeframe: 17.05%

**GALLAHAR, KATHLENE**

 RAYMOND, MAURILYN

 BARRERA, MICHELLE

**Admin Totals**

% EDP Initial Apps Processed within timeframe:  0.00%

% Non-EDP Initial Apps Processed within timeframe:  100.00%

% Total Initial Apps Processed within timeframe:  100.00%

% Initial Apps that had a VR sent:  100.00%

% Exp Apps Processed timely:  0.00%

% Total Applications Processed within timeframe:  100.00%

% Timely Recertification Apps Processed within timeframe:  0.00%

% Untimely Recertification Apps Processed within timeframe:  0.00%

% Non-EDP Late Recertification Apps Processed within timeframe:  0.00%

% EDP Late Recertification Apps Processed within timeframe:  0.00%

% Non-EDP Recert Apps Processed within timeframe:  0.00%

% Recert Apps Processed within timeframe:  0.00%

% Recert Apps that had a VR sent:  0.00%

**SAMP,G0, SUSAN**

**MARVIN, HENRY**

BARNETT, SHENNARENE
BEXEL, PAMELA
GOODWIN, BEV
HAMILION, ALICE
JOHNSON, ADAM
HEYER, JENNIFER
MARTENS MAYA, ADELENE
THAYER, LAURA

**SCHWANKE, MARY**

KRISCHMEIER, JEANNE

**TOUSER, KONNER**

CHRISTENSEN, DAEN
CRYSTAL, JENNIFER
DELSELD, KAREN
GARBUS, MELISSA
HUPPER, EIGH
INGLESON, ELLEN
KELLER, MELANIE
METER, ASHLEY
STELVINE, SUSAN

Admin Team

% EDP Initial Apps Processed within timeframe:
% Non-EDP Initial Apps Processed within timeframe:
% Total Initial Apps Processed within timeframe:
% Total Initial Apps that had a VR sent:

% Timely Recertification Apps Processed within timeframe:
% Untimely Recertification Apps Processed within timeframe:
% Non-EDP Late Recertification Apps Processed within timeframe:
% EDP Late Recertification Apps Processed within timeframe:
% Non-EDP Event Apps Processed within timeframe:
% Event Apps Processed within timeframe:
% Event Apps that had a VR sent:

% Exp Apps Processed timely:
% Total Applications Processed within timeframe:

Summary of Processed SNAP Applications for DPSS – Monthly

**CAVANAGH, SHARI**
**VACANT**

MARTINDEN, JOHN
HANSEN, BRITTANY
HIERNAUX, PAMELA
CHAVEZ, DANIELA
MUNGER, CHRISTINE
PETTY, ERIC
ROMERO, BETH
NUNEZ, KRISTY
SCHELLENBERG, DAN
SCHMIDT, JESSICA

Admin Totals

DEPARTMENT OF HEALTH
and HUMAN SERVICES

|  | | | Timely Recertifications | | | | | | | | Lifetime Recertifications | | | | | | | Late Recertifications | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**COUNTIES: RED**
WALTERS, SAMANTHA
PENNINGTON, CINDY

**Admin Totals**

% ESP Initial Apps Processed within timeframe: 100.00%
% Non-ESP Initial Apps Processed within timeframe: 100.00%
% Total Initial Apps Processed within timeframe: 100.00%
% Initial Apps that had a VR sent: 100.00%

% Timely Recertification Apps Processed within timeframe: 0.00%
% Untimely Recertification Apps Processed within timeframe: 0.00%
% Non-ESP Late Recertification Apps Processed within timeframe: 100.00%
% ESP Late Recertification Apps Processed within timeframe: 0.00%
% Non-ESP Recert Apps Processed within timeframe: 100.00%
% Recert Apps Processed within timeframe: 100.00%
% Recert Apps that had a VR sent: 0.00%

% Exp Apps Processed timely: 100.00%
% Total Applications Processed within timeframe: 100.00%

**COOK, LORI**

**GUAN, DEANNA**

**KOCH, MICHELLE**

**MEYER, KELSEY**

FRANZEN, BRENDA
GAMPICH, MARY
HUANG, MELISSA
...
JENSEN, SUSAN
LEE, ELIZABETH
MAUS, RAQUEL
OLSON, KELLY

Admin Totals

% EXP Initial Apps Processed within timeframes:
% Non-EXP Initial Apps Processed within timeframes:
% Total Initial Apps Processed within timeframes:
% Initial Apps that had a VM sent:

% Timely Recertification Apps Processed within timeframes:
% Untimely Recertification Apps Processed within timeframes:
% Non-EXP Late Recertification Apps Processed within timeframes:
% EXP Late Recertification Apps Processed within timeframes:
% Non-EXP Recert Apps Processed within timeframes:
% Recert Apps Processed within timeframes:
% Recert Apps that had a VM sent:

% Exp Apps Processed Timely:
% Total Applications Processed within timeframes:

**QUIN, KARLA**

CAMP #3, SONAR

BOUER-TRACY, JOHANNA
CARNAHAN, SARAH
HAYES, JENNIFER
SCHWANKE, MARY
TOLKEN, KINNER
HUFFORD, STACEY
KENNEDY, JANE
NELSON, MICHELLE
MASON, KIMBERLY

Admin Totals

% EXP Initial Apps Processed within timeframes:
% Non-EXP Initial Apps Processed within timeframes:
% Total Initial Apps Processed within timeframes:
% Initial Apps that had a VR sent:

% Timely Recertification Apps Processed within timeframes:
% Untimely Recertification Apps Processed within timeframes:
% Non-EXP Late Recertification Apps Processed within timeframes:
% EXP Late Recertification Apps Processed within timeframes:
% Non-EXP Recert Apps Processed within timeframes:
% Recert Apps Processed within timeframes:
% Recert Apps that had a VR sent:

% Exp Apps Processed timely:
% Total Applications Processed within timeframes:

**EVANS, RACHEL**

CROMBIE, MARILYN

BOWERS, LASHANDA
BADIL, AUDRA
BRYAR, REBECCA

REYES, TONYA

CARTER, LYNDS
GORDON, PATRICIA
JACKSON, DENNIS
NEWMAN, MICHELLE

Admin Totals

% EDP Initial Apps Processed within timeframes:

% Non-EDP Initial Apps Processed within timeframes:

% Total Initial Apps Processed within timeframes:

% Initial Apps that had a VR sent:

% Timely Recertification Apps Processed within timeframes:

% Untimely Recertification Apps Processed within timeframes:

% Non-EDP Late Recertification Apps Processed within timeframes:

% EDP Late Recertification Apps Processed within timeframes:

% Non-EDP Event Apps Processed within timeframes:

% Event Apps Processed within timeframes:

% Event Apps that had a VR sent:

% Exp Apps Processed timely:

% Total Applications Processed within timeframes:

**HUFFMAN, STACEY JANE**

KONECNY, JANE
- ANDERSON, LISA
- BAUM, JANE
- DARRELL, MEGAN
- HORNE, CHERYL
- KELTY, MARY
- HETROHE, RHEA
- ROSY, MARI
- WATSON, JANET

NELSON, MICHELLE
- BARBECKY, JENNIFER
- CARPENTER, MELISSA
- FRAZIER, SHASTA
- FREEMAN, PAIGE
- GARZA, DELINDA
- HAWKINS, BARBARA
- HENNANDEZ, SHEILA
- HOPELFKA, EMILY
- KNUTOCKY, THERESA
- LATHOW, KENDRA
- NOLAN, STEVEN

BUSCH, KIMBERLY
- ADAMS, ROCHELLE
- ANDERSON, DANIELLE
- BROWN, KELLY
- HEYNE, CATHERINE
- MYERS, JEREMY
- OLSON, ANDREW
- PRENDERGAST, MELISSA
- REED, HEATHER
- WELLS, JOHN
- RUSSELL, KATHY
- WHAREM, JEAN
- ZARATE, MAGGIE

RICHEY, SHARON
- BEECK, ZAIYKA
- JOHNSON, JESSIE
- LOTT, PAIGE
- MENDEZ, VIRGINIA
- NEGHODDAU, JOHANNA
- NETTLES, JENNIFER
- ROSS, JENNIFER
- RUSHER, MICHELLE
- MELTON, MEGAN

**HUFFMAN, STACEY**

SANTELLE, AIMEE

- MARTY, AMANDA
- BRODERICK, ANN
- HERNANDEZ, JULIE
- JOHNSON, CINDESS
- LARVEN KRUSE, MARY
- LEMMER, IAN
- MARINELLI, STACY
- MENDEZ, JESSICA
- MURPHY, MICHELLE
- SAY, GAYLE
- TERRY, ALYSSA

SMITH, KEESHA

- ANDERSON, KIMBERLY
- AVILETINA
- BRAMBEL, KAYLYN
- FRANK, JESSICA
- HESS, TIMOTHY
- MANCE, LEAH
- NELSON, TRISTA
- THOMPSON, JOAN
- WONG, KRIS
- WAGNER, MELISSA

**Admin Totals**

% ADP Initial Apps Processed within timeframe:
% Non-ADP Initial Apps Processed within timeframe:
% Total Initial Apps Processed within timeframe:
% Initial Apps that had a VR sent:

% Timely Recertification Apps Processed within timeframe:
% Untimely Recertification Apps Processed within timeframe:
% ADP Late Recertification Apps Processed within timeframe:
% Non-ADP Late Recertification Apps Processed within timeframe:
% Recert Apps Processed timely:
% Recert Apps that had a VR sent:

% Exp Apps Processed timely:
% Total Applications Processed within timeframe:

STATE DEPARTMENT OF HEALTH
AND HUMAN SERVICES

Summary of Processed SNAP Applications for MP40 – Monthly

Page ... of ...
Run Date ...
For 12/1/201x to 12/31/201x

**KANSITA, ANN**

**REPORT: ANDREW**
- BOGTON, SHENA
- BRYANT, KATHY
- CARPENTER, JESSE
- COX, DENEA
- EBERLE, MARCIA
- MEGAN, KIM
- NOLTE, MAILE
- WOLFE, JENNIFER
- YOUNG, MONICA

**HUNT, TRISHA**
- BAUER, ERICA
- GARCIA, GABRIELLA
- JUAREZ, BRYAN
- LOPEZ, YOLANDA
- MILLER, WHITNEY
- RATHER, AMY
- SKYACROWE, DAKERS
- SINGLETON, SHAVONNE
- TREVIÑO, SHAKHELL
- WARRINGTON, LIZ

**SCOTT, MARY JO**
- BROWN, SHERI
- FELT, CONNIE
- GARCIA, ISAAC
- HANKEY, VICTORIA
- PHILBAUK, CONNIE
- TARETER, ANGELINA

**WENGER, JASON**
- BUCKLEY, JULIE
- HUMNIN, JOELLE
- LANKIN, MARTHA
- MELINO-BAKER, MEGAN
- ROSENTHAL, KATHERINE
- SNYDER, JERRAMIE

**Admin Totals**

| H00 | H0R | 208 | 35 | 272 | 621 | 741 | 2R6 | 3 | 64 | 342 | 620 | 677 | 141 | 228 | 34 | 43 | 214 | 65 | 84 | 5 | 21 | 76 | 708 | 84 | 3 | 26 | 85 | 71 | 84 | 2 | 11 | 36 |
|-----|-----|-----|-----|-----|-----|-----|-----|---|----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|---|-----|-----|-----|-----|---|-----|-----|-----|-----|---|-----|-----|

% ESP Initial Apps Processed within timeframe: 13.76%
% Non-ESP Initial Apps Processed within timeframe: 17.10%
% Total Initial Apps Processed within timeframe: 12.41%
% Initial Apps that had a VR sent: 11.41%

% Timely Recertification Apps Processed within timeframe: 28.81%
% Untimely Recertification Apps Processed within timeframe: 58.00%
% Non-ESP Late Recertification Apps Processed within timeframe: 11.98%
% ESP Late Recertification Apps Processed within timeframe: 11.07%
% Non-ESP Recert Apps Processed within timeframe: 20.48%
% Recert Apps Processed within timeframe: 0.72%
% Recert Apps that had a VR sent: 24.94%

% Exp Apps Processed timely: 47.51%
% Total Applications Processed within timeframe: 18.19%

Admin Totals

| % ESP Initial Apps Processed within timeframes: | 16.2% |
| % NonESP Initial Apps Processed within timeframes: | 89.8% |
| % Total Initial Apps Processed within timeframes: | 19.1% |
| % Initial Apps that had a VR sent: | |

| % Timely Recertification Apps Processed within timeframes: | |
| % Untimely Recertification Apps Processed within timeframes: | |
| % NonESP Late Recertification Apps Processed within timeframes: | 20.5% |
| % ESP Late Recertification Apps Processed within timeframes: | 21.5% |
| % NonESP Recert Apps Processed within timeframes: | |
| % Recert Apps Processed within timeframes: | |
| % Recert Apps that had a VR sent: | 20.99% |

| % Exp Apps Processed timely: | |
| % Total Application Processed within timeframes: | 28.1% |

| Count | Summary | Name | ... | Timely Recertifications | | | Untimely Recertifications | | | Late Recertifications | | |
|-------|---------|------|-----|---|---|---|---|---|---|---|---|---|

**SHUMBAUGH, KATHY**

**BRILL, SERGE**
- CHAVEZ, JOHNNY
- DIETZ, HEATHER
- ESSEX, ARMAND
- FUNG, CHANEL
- GARRIOLA, MARISELLA
- JENKINS, JULISSA
- LAMPHEAR, SAMANTHA
- LAUTERSHLAGER, DREW
- MOZEY, MEREDITH
- QUIGG, JENNIFER
- RODRIGUEZ, EDDIE
- ZITTERKOPF, LAURIE

**CASE, KELLY**
- DEMEREST, STEPHEN
- GODFREY, BROOKE
- HARBER, TONY
- HARTMAN, JUDY
- JARAMILLO, LUIS
- MCDERMITT, KIMBERLY
- REYES, LISA
- SUMNER, MARISA
- UTESSEL, BILL
- WERNER, JADE
- WILSON, ELAINE

**EGAN, NICOLE**
- BEALS, ROBERT
- BEATTIE, JAMES
- CHESHIRE, ELIZABETH
- DEMARANVILLE, DEB
- JOHNSON, HEATHER
- LENHART, SAMANTHA
- LINZ, CASSANDRA
- NIXON, REBECCA
- RIAD, MERILEE
- WASHER, PAM
- WISHCROFT, JAIME
- YOUNG, GERI

**ENRIANCE, MICHAEL**
- DEDLOW, JESSICA
- GAMBOA, NANCY
- GONZALEZ, RACHEL
- KLINE, TAMMIE
- MCDONALD, REBECCA
- RUSCHEN, ANGELA
- WARRANBUND, NICOLE

**SHANBAUGH, KATHY**

**DOLTA, REBECCA**

| Name |
|------|
| ANTUNEZ, JENNIFER |
| FRANCISCO, BARBARA |
| FRANKLIN, NATHAN |
| HARTER, TAMI |
| HOLLOWAY, JAIME |
| MALDONADO, AMELIA |
| MERIAM, LARRY |
| SASSE, MICHELLE |
| SAUER, KAYLEIGH |
| SILVERMAN, BENJAMIN |
| SPURGEON, TERESA |
| VARA, REBECCA |

**MESSINA, KIM**

| Name |
|------|
| ALVARADO, HALEY |
| PEALEY, KARLA |
| GOODMA, LINDE |
| MAGNUSON, LACEY |

**HEDRICK, CASSIE**

| Name |
|------|
| BAUER, BRIANNA |
| CARDONA, TONI |
| MENNENGA, MELISSA |
| PALMER, BRIGITTE |
| POWELL, TIFFANIE |
| ROBLES, BRIANNA |
| SULLIVAN, KAYLA |

**VREEKE, AMBER**

| Name |
|------|
| BOEHLER, REBECCA |
| CARTER, HEATHER |
| FRASER, NATHAN |
| GUTIERREZ, CARA |
| JONES, TIFFANY |
| MEUER, ELIZABETH |
| RICHARDS, RHONDA |
| SULLIVAN, MARISA |
| WEST, MARIAH |

**SEILER, MELINDA**

| Name |
|------|
| BASS, REBECCA |
| BOWMAN, MISTY |
| CARTER, TARA |
| CURRY, ERICA |
| HARKER, JAMIE |
| MESSINA, KRISTIE |
| MONDAK, KATHERINE |
| NELSON, MARCIA |
| RAMIREZ, LILLIAN |
| RAMIREZ, RENO |
| ROSENAU, ERIN |

Summary of Processed SNAP Applications for WPAS - Monthly

**Admin Totals**

| 2014 | 521 | 482 | 12 | 416 | 267 | 61 | 86 | 5 | 16 | 22 | 2627 | 2305 | 7031 | 5647 | 584 | 415 | 1138 | 489 | 428 | 80 | 514 | 379 | 497 | 379 | 2 | 134 | 204 | 113 | 108 | 3 | 21 | 33 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

% EDP Initial Apps Processed within timeframe: 14.1%
% Non-EDP Initial Apps Processed within timeframe: 17.8%
% Total Initial Apps Processed within timeframe: 18.5%
% Initial Apps that had a VR sent: 30.7%

% Timely Recertification Apps Processed within timeframe: 11.5%
% Untimely Recertification Apps Processed within timeframe: 14.1%
% Non-EDP Late Recertification Apps Processed within timeframe: 12.5%
% EDP Late Recertification Apps Processed within timeframe: 11.5%
% Non-EDP Recert Apps Processed within timeframe: 15.0%
% Recert Apps Processed within timeframe: 11.7%
% Recert Apps that had a VR sent: 16.1%

% Exp Apps Processed timely: 11.5%
% Total Applications Processed within timeframe: 15.9%

**SHERIDAN, GLORIA**

LYONS, EVIE

BISHOP, JAMILA

Admin Total

% EDP Initial Apps Processed within timeframe:

% Non-EDP Initial Apps Processed within timeframe:

% Total Initial Apps Processed within timeframe:

% Initial Apps that had a VR sent:

% Timely Recertification Apps Processed within timeframe:

% Untimely Recertification Apps Processed within timeframe:

% Non-EDP Late Recertification Apps Processed within timeframe:

% EDP Late Recertification Apps Processed within timeframe:

% Non-EDP Recert Apps Processed within timeframe:

% Recert Apps Processed within timeframe:

% Recert Apps that had a VR sent:

% App Apps Processed timely:

% Total Applications Processed within timeframe:

**MULLINS, CINDY**

ALLISON, TAMMY
- MACK, PAM
- HAYES, SARAH
- JONES, PAULA
- KAUFMAN, AMBER
- LUECK, MARY
- MCCOY, JILL
- NEMEC, CONNIE
- ROBERTS, KRISTI
- ROGAN, KELLY
- SIBLE, SAM
- STINSON, GREG
- WALTON, MARYDELL

COOK, LORI
- ADAMS, KIM
- BEACHLER, RITA
- BLYTHE, DIANA
- CARPENTER, DENISE
- FAULDER, SCOTT
- GILMER, SUE
- GRAHAM, CINDY
- GUNN, DEANNA
- MEYER, KELSEY

EVANS, RACHEL
- CROMBIE, MARILYN
- REYES, TANYA

TOWNSEND, KELLY
- ABEND, BARB
- DEWART, KAREN
- PERRONE, ALEC
- JOHNSON, KAITLYN
- KEAN, GERI
- PFISTER, KRISTY
- SCHULTZ, JODY
- WEST, JENNIFER
- YOUNKER, DIANE

DEPARTMENT OF HEALTH

Admin Totals

| 770 | 1230 | 240 | 15 | 531 | 420 | 445 | 447 | 2 | 44 | 953 | 531 | 575 | 110 | 206 | 17 | 43 | 714 | 95 | 43 | 0 | 12 | 53 | 210 | 21 | 4 | 37 | 56 | 1x2 | 943 | 0 | 51 | 126 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

% EDP Initial Apps Processed within timeframe: 31.01%

% Non-EDP Initial Apps Processed within timeframe: 98.43%

% Total Initial Apps Processed within timeframe: 28.19%

% Initial Apps that had a VR sent: 21.77%

% Timely Recertification Apps Processed within timeframe: 49.93%

% Untimely Recertification Apps Processed within timeframe: 0.11%

% Non-EDP Late Recertification Apps Processed within timeframe: 12.79%

% EDP Late Recertification Apps Processed within timeframe: 38.12%

% Non-EDP Recert Apps Processed within timeframe: 31.17%

% Recert Apps that had a VR sent: 20.21%

% Exp Apps Processed timely: 29.91%

% Total Applications Processed within timeframe: 11.04%

VACANT.

ZOOK, MELISSA
- AMADOR, JESSE
- GEHRKE, DAWNA
- COMER, JESSICA
- FREDRICK, JAKE
- PLOTT, ZACHARY
- GONZALEZ, KARLA
- SEABORN-SHACKAL, DANIELLE
- HAGERTY, STEPHANIE
- JAME, MARK
- LAWRENCE, KEITH
- LININGER, TERRY
- WENTON, JEFF
- GAMES, KELLY

RAKE, MAILENE
- ALLEN, JENNIFER
- CAREY, TRAVIS
- CHAMBERLIN, MOLLY
- CORREA, GLORIA
- SARAHOYO, STEPHANIE
- HENNEN, PATRICIA
- HARSHNEY, JENNIFER
- JACKSON, VINETTA
- KIPPER, JESSICA
- LOPEZ, ANGELA
- WELKER, RINA
- SCHABAT, JOAN
- STOTTS, LINDA

SCHORR, SUE
- BROWN, SONDRA
- CONDER, KELLI
- HANDRICK, CLINTON
- RAYMER, KAREN
- MANNER, JULIE
- MATTHEWS, DIANE
- MAJER, LISA
- PERRINS, SUSAN
- PLAMMER, NADINE
- SYLVESTER, KRISTIE
- WELDER, LORETTA
- WEST, LERON

SPEEDLIN, CLAIRE
- BARROWS, GLORIA

VACANT.
- GOODWIN, MARIN
- PLATA, SUE

**HUMAN SHARE**

| Name |
|------|
| ANDERSON, BARBARA |
| BURRIS, JERRY |
| HARBOR, NANCY |
| HUDSON, ROBIN |
| JONES, JEANIE |
| LAFFERTY, MARIE |
| MCLINE, PAM |
| NEWSOME, DEBORAH |
| RUNE, JACOB |
| SCHROEDER, KELLI |
| SCOTT, MELISSA |
| TOLBERT, JAMES |

Admin Totals

% EXP Initial Apps Processed within timeliness:
% NonEXP Initial Apps Processed within timeliness:
% Total Initial Apps Processed within timeliness:
% Initial Apps that had a NB sent:

% Timely Recertification Apps Processed within timeliness:
% Untimely Recertification Apps Processed within timeliness:
% NonEXP Late Recertification Apps Processed within timeliness:
% EXP Late Recertification Apps Processed within timeliness:
% NonEXP Intent Apps Processed within timeliness:
% Recert Apps that had a NB sent:

% Exp Apps Processed timely:
% Total Applications Processed within timeliness:

State Totals

# ANNEX

# PART 2 OF 3

"Access Nebraska Dashboard 'SNAP- Key Performance Metrics' Report"




Dept. of Health & Human Services
(DHHS)
December, 2015


Performance Metrics
ACCESS NEBRASKA Program



# SNAP (Food Stamps) – Key Performance Metrics





**State Reported SNAP (Food Stamps) Application Processing Timeliness**

Legend: Expedited Apps | Non-Expedited Apps | Federal Standard

This is a DHHS generated report. Data is based on the percentage of SNAP initial applications received which were processed within SNAP federal timelines. In order to meet expedited timeliness, an application must be processed within 7 days. The timeline for non-expedited applications is 30 days.



**USDA Reported SNAP (Food Stamps) Application Processing Timeliness**

Legend: Nebraska Rate | National Average | Federal Standard

Data is based on information provided to states from the USDA. Data is reported quarterly using a six month rolling average of SNAP Quality Control data reported by all states/territories. Quality control in Nebraska is conducted by staff within the division of Public Health.



**USDA SNAP (Food Stamps) Payment Accuracy Rate**

Legend: Nebraska Rate | National Average | Federal Standard

Data is based on information provided to states from the USDA. Data is reported monthly using SNAP Quality Control data reported by all states/territories. Payment accuracy rate measures the amount of correct SNAP benefits provided to households. Quality control in Nebraska is conducted by staff within the Division of Public Health.



**USDA SNAP (Food Stamps) Denial Accuracy Rate**

Legend: Nebraska Rate | National Average | Federal Standard

Data is based on information provided to states from the USDA. Data is reported monthly using SNAP Quality Control data reported by all states/territories. Denial accuracy rate measures whether a household's SNAP benefits are correctly closed or denied, whether the household was informed of their ineligibility in a timely manner and whether the notice of action provided to households is accurate. Quality control in Nebraska is conducted by staff within the Division of Public Health.



# Economic Assistance – Service Center Metrics





Economic Assistance (Food Stamps, Aid to Dependent Children, Childcare) Service Center

- Calls Received
- Average Call Duration
- Average Wait Time
- Target Average Call Wait Time**effective 9/1/2015



Average Days * to Process All Economic Assistance Programs

*Days measured from application received date to eligibility determination

## Nebraskans Enrolled in SNAP (Food Stamps) Program – 9% of Population

| Economic Assistance Enrollment | Jan-15 | Feb-15 | Mar-15 | Apr-15 | May-15 | Jun-15 | Jul-15 | Aug-15 | Sep-15 | Oct-15 | Nov-15 | Dec-15 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SNAP (food stamp) Households | 77,774 | 77,644 | 77,808 | 77,449 | 77,616 | 77,887 | 78,264 | 78,781 | 78,742 | 78,596 | 77,976 | 78,438 |
| SNAP (food stamp) Individuals | 174,483 | 173,508 | 173,617 | 172,752 | 172,934 | 173,608 | 174,963 | 176,663 | 176,472 | 176,363 | 174,887 | 175,888 |
| Aid to Dependent (ADC) families | 6,140 | 6,052 | 5,917 | 5,775 | 5,654 | 5,723 | 5,705 | 5,721 | 5,766 | 5,844 | 5,772 | 5,840 |
| Children in Child Care Subsidy | 17,535 | 17,637 | 17,977 | 18,313 | 17,976 | 18,776 | 18,256 | 18,306 | 18,647 | 17,683 | 17,999 | 18,421 |



# Medicaid – Key Performance Metrics





## Nebraskans Enrolled in Medicaid – 13% of Population

| Medicaid Enrollment | Jan-15 | Feb-15 | Mar-15 | Apr-15 | May-15 | Jun-15 | Jul-15 | Aug-15 | Sep-15 | Oct-15 | Nov-15 | Dec-15 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Enrollment | 235,523 | 236,754 | 238,380 | 236,853 | 233,112 | 232,359 | 232,088 | 231,269 | 232,574 | 233,410 | 231,344 | 231,596 |
| Children and Families Enrollment | 165,605 | 166,890 | 168,359 | 167,084 | 164,494 | 163,858 | 163,716 | 162,821 | 163,946 | 164,993 | 163,393 | 163,317 |
| Aged and Disabled Enrollment | 69,918 | 69,864 | 70,021 | 69,769 | 68,618 | 68,501 | 68,372 | 68,448 | 68,628 | 68,417 | 67,951 | 68,309 |

# ANNEX

# PART 3 OF 3

## "Nebraska SNAP Processing Results Report"

# Nebraska SNAP Processing Results

## January 2016

| Processing | Processed Timely | Processed Untimely | Timeliness Percentage |
|---|---|---|---|
| SNAP Expedited (7 day) Approvals | 1834 | 14 | - |
| SNAP Expedited (7 day) Denials | 398 | 3 | - |
| SNAP Expedited (7 day) Total | *1* 2232 | *2* 17 | - |
| % SNAP Expedited (7 day) | - | - | 99% |
| + This group includes Initial Expedited application types | | | |

$7 = \dfrac{B}{A}$

| | Processed Timely | Processed Untimely | Timeliness Percentage |
|---|---|---|---|
| SNAP Initial (30 day) Approvals | 1802 | 17 | - |
| SNAP Initial (30 day) Denials | 1789 | 81 | - |
| SNAP Initial (30 day) Total | *3* 3591 | *4* 98 | - |
| % SNAP Initial (30 day) | - | - | 97% |
| + This group includes Initial Non-Expedited Application types | | | |

$8 = \dfrac{C}{C+D}$

| | Processed Timely | Processed Untimely | Timeliness Percentage |
|---|---|---|---|
| Recertification Approvals | 6247 | 223 | - |
| Recertification Denials | 1329 | 171 | - |
| Recertification Total | *5* 7576 | *6* 394 | - |
| % Recertifications | - | - | 95% |
| + This group includes Timely Recertification, Untimely Recertification, and Late Recertification application types | | | |

$9 = \dfrac{F}{E}$

*As of February 11, 2016*

| Initial Applications Pending | Expedited | Non-Expedited |
|---|---|---|
| SNAP Initial 0-7 Days | 159 | 615 |
| SNAP Initial 8-14 Days | 0 | 335 |
| SNAP Initial 15-21 Days | 0 | 166 |
| SNAP Initial 22-30 Days | 0 | 120 |
| SNAP Initial Over 30 Days | 0 | 5 |

*As of February 11, 2016*

**Pending Recertification Applications**

| For Certification Period Ending: | Application Type: | | |
|---|---|---|---|
| | Filed Timely | Filed Untimely | Filed Late |
| December 31, 2015 | 0* | 0* | 11 |
| January 31, 2016 | 9* | 24 | 235 |
| February 29, 2016 | 1817 | 0 | 0 |

*\* Processing of these applications will not meet the Federal timeliness guidelines.*

---

**Timely Recertification Applications**: applications filed on or between the date that is 60 days prior to the end of the certification period through the 15th of the month that the certification period ends.
**Untimely Recertification Applications**: applications filed on or between the 16th of the month that the certification period ends and the last day of the certification period.
**Late Recertification Applications**: applications filed within the first 30 days after the certification period ended.